## UNITED STATES v. HEARNE.
### Criminal No. 410.

District Court, E. D. Wisconsin.
Dec. 2, 1946.

Timothy Cronin, U. S. Atty. and Leonard Bursten, Asst. U. S. Atty., both of Milwaukee, Wis., for plaintiff.

Carl H. Juergens, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Defendant moves to quash counts 1, 2, 3, and 4 of the information. Since Rule 12(a) of the new Federal Rules of Criminal Procedure abolishes motions to quash, the motion of defendant will be considered as a motion to dismiss.

Defendant complains that leave of court was not obtained prior to the filing of the information. This objection is without merit as Rule 7(a) of the Federal Rules of Criminal Procedure provides an information may be filed without leave of court.

Defendant's principle contention is that the first four counts of the information

---

allege that on September 26, September 30, October 3, and October 4, 1946, defendant offered to rent to persons named in the information, housing accommodations in the city of Milwaukee for $60 per month, together with cash payments of $500, $300 $400, and $400 respectively, but that $60 being the legal maximum rent, and the counts making no allegations as to the purpose of the cash payments requested, no offense is alleged.

In defendant's argument he refers to matters which may properly be received as evidence upon the trial. But Rule 12(b) of the Federal Rules of Criminal Procedure restricts a motion to dismiss to an objection which is capable of determination without the trial of the general issues. Our consideration must, therefore, be whether Counts 1 through 4 each charge an offense.

The information is inartistically drawn. However, I think it can be fairly spelled out therefrom in Counts 1 through 4 that in addition to the legal maximum rent of $60, defendant demanded of four prospective renters an additional cash side payment ranging from $300 to $500.

Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904(a), provides: "It shall be unlawful * * * for any person * * * to demand or receive any rent for any defense-area housing accommodations, or otherwise to do * * * any act, in violation of any regulation or order under section 2, * * * or to offer, solicit, attempt, or agree to do any of the foregoing." Section 13(a) (10) of the rent regulation for housing defines "rent" as follows: " 'Rent' means the consideration, including any bonus, benefit or gratuity, demanded or received for or in connection with the use or occupancy of housing accommodations or the transfer of a lease of such accommodations."

Defendant further contends that Counts 1 through 4 were included in the information in fulfillment of a threat by the Assistant United States Attorney in charge of this case that if the defendant did not plead guilty to Counts 5 and 6 which were then before the United States Commissioner, Counts 1 through 4 would be added. Of course any such threat would call for strong condemnation. However, I cannot at this time pass on whether or not such a threat was in fact made. The motive for including counts in the information is not in issue at this time. On the motion now before the court I can only examine the counts as presented to ascertain whether an offense is stated. I conclude that Counts 1 through 4 each do charge an offense.

An order denying defendant's motion to (quash) dismiss Counts 1 through 4 may be entered.