**SOUTHWEST AIRWAYS CO. v. CIVIL AERONAUTICS BOARD.**

No. 13288.

United States Court of Appeals
Ninth Circuit.

May 19, 1952.

Kramer, Morrison, Roche & Perry and Walter Roche, Phoenix, Ariz., for petitioner, Southwest Airways Co.

G. Robert Henry, Las Vegas, Nev., for Intervener, Bonanza Air Lines, Inc.

H. G. Morison, Asst. Atty. Gen., J. Roger Wollenberg, Sp. Asst. to the Atty. Gen., John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, Emory T. Nunneley, Jr., Gen. Counsel, Civil Aeronautics Board, James L. Highsaw, Jr., Chief, Litigation and Research Division, Civil Aeronautics Board, Washington, D. C., for respondent.

Before DENMAN, Chief Judge, and STEPHENS and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is a petition by Southwest Airways Co. to review another aspect of the same Civil Aeronautics Board order of January 17, 1952, involved in Western Air Lines, Inc., v. Civil A. B., 9 Cir., 196 F.2d 933. As stated in the other case, the Board inter alia denied Southwest's application for award of an air route from Los Angeles to Phoenix via certain way points; and Southwest attacks this order insofar as it reaffirms a previous Board order on March 10, 1950, which had rescinded a temporary certificate, granted to Southwest but not yet effective, which covered this route.

The only additional fact that should be stated is that the Board, as part of the California-Nevada Service Case, had issued a temporary certificate to Southwest covering the Los Angeles-Phoenix route on December 19, 1949. The order of that date granting this certificate was in final form, but the temporary certificate appended to the order had the following condition attached to it:

"This certificate, as amended, shall be effective on February 17, 1950: *Provided, however*, that prior to the date on which the certificate, as amended, would otherwise become effective the Board, either on its own initiative or upon the filing of a petition or petitions seeking consideration of the Board's order of December 19, 1949 (Order Serial No. E–3727), insofar as such order authorizes the issuance of this certificate, as amended, may by or-
der or orders extend such effective date from time to time."

Western Air Lines and others did petition the Board for reconsideration of its December 19, 1949 order and accordingly the effective date of Southwest's certificate was changed to March 31, 1950. Prior to that time, on March 10, 1950, the Board, acting on the various petitions for reconsideration and the answers of Southwest thereto, rescinded Southwest's temporary certificate for the Los Angeles-Phoenix route. It was this rescission which was reaffirmed on January 17, 1952.

The first challenge of the rescission order is that it was not based on findings in accordance with 49 U.S.C.A. § 645(f). The Board made a finding that the need for local air service proposed by Southwest could best be determined by reopening the California-Nevada Service Case and consolidating Southwest's application with that of Western for the Yuma-Phoenix route and with the Board proceedings to determine if Western and Arizona Airways should be suspended from routes in that area. This was a sufficient finding on which to base the conclusion that Southwest's temporary certificate should be rescinded so that a fresh look could be taken of the local air service problem.

Southwest also argues that the rescission of a still ineffective certificate must be done in accordance with the revocation provisions of 49 U.S.C.A. § 481(h). We do not agree. The certificate was by its terms in a state of suspension totally dependent on the Board's order which had sired it. The Board points to its administrative practice of postponing certificates of this character so that time may be allowed for petition for reconsideration of the parent orders. See Kansas City-Memphis-Florida case, 9 C.A.B. 401 (1948). The Board certainly has the power to reconsider its orders and set them aside, 49 U.S. C.A. § 645(a) and (d), and if certificates not yet effective are dependent on those orders, they will also be extinguished. The situation is totally different from that in which a certificate has become effective.

The order of the Board is affirmed.