# UNITED STATES *v.* JONES.

No. 556.   Decided April 13, 1953.

*Solicitor General Cummings* for the United States.

*Patrick C. Whitaker* and *Thomas P. Whitaker* for appellee.

·PER CURIAM.

Invoking the Criminal Appeals Act, 18 U. S. C. § 3731, the Government appeals from a dismissal of a two-count information charging appellee with violations of the Civil Rights Act, 18 U. S. C. § 242.

The District Court construed the information to charge that appellee, an officer in a Florida state prison, whipped certain prisoners entrusted to his custody "for the purpose and with the intent of disciplining said prisoners." The District Court held that mere disciplinary action by state prison officials is no offense under the Civil Rights Act, *supra,* and dismissed the information.   108 F. Supp. 266.

On appeal, the Government predicates its argument for reversal upon the assumption that the information charges far more than the District Court found it charged. The Government construes the information to charge that appellee wilfully extorted confessions of violations of prison rules from the prisoners and wilfully inflicted illegal summary punishment upon them, in violation of the laws of Florida and the Constitution of the United States. Thus, the Government's appeal—the theory of the prosecution—is based upon a construction of the information which differs significantly from the construction which the District Court has placed upon it.

The Criminal Appeals Act, *supra,* strictly limits the scope of our jurisdiction over this appeal. We may only entertain questions relating to the construction of the Civil Rights Act, *supra,* and its applicability to this information. We cannot re-examine the information and construe it *de novo,* for we are bound by the District Court's construction. *United States* v. *Borden Co.,* 308 U. S. 188 (1939).

Under the Criminal Appeals Act, we have the power to remand this case to the Court of Appeals if we are of the "opinion" that the appeal "should have been taken to a court of appeals." 18 U. S. C. § 3731. We think this case is appropriate for the exercise of the power which Congress has entrusted to our discretion. The initial issue—and a critical issue—raised by the Government's appeal obviously involves questions relating to the correctness of the District Court's construction of the information and not to that court's interpretation of the scope of the Civil Rights Act, *supra.* Those questions cannot be resolved in a direct appeal to this Court, but they can be reviewed should the case be remanded to the Court of Appeals for the Fifth Circuit. Accordingly, we remand this appeal to the Court of Appeals for further proceedings in that court.

*It is so ordered.*