## CONSOLIDATED FLOWER SHIPMENTS, Inc.,—BAY AREA, v. CIVIL AERONAUTICS BOARD.

### No. 13727.

United States Court of Appeals
Ninth Circuit.

June 12, 1953.

Upon Motion to File Petition for Review
June 30, 1953.

**450**

Antonio J. Gaudio, South San Francisco, Cal., for petitioner.

Edward P. Hodges, Acting Asst. Atty. Gen., Emory T. Nunneley, Jr., Gen. Counsel, James L. Highsaw, Jr., Chief, Lit. & Research Div., Civil Aeronautics, Washington, D. C., for respondent Civil Aeronautics Board.

Paul T. Wolf, San Francisco, Cal., for respondent Airborne Flower & Freight.

Before DENMAN, Chief Judge, and MATHEWS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is a petition by Consolidated Flower Shipments, Inc.—Bay Area, hereafter Consolidated, to stay the effective date of an order entered February 5, 1953, of the Civil Aeronautics Board, hereafter the Board, requiring Consolidated to cease and desist

in certain actions, pending the consideration of Consolidated's petition for a review by this court of the Board's order.[1]

The petition is opposed as to its merits by the Board and by Consolidated's competitor, Airborne Flower and Freight Traffic, Inc. This court, sua sponte, raised the jurisdictional question whether Consolidated when it filed its petition for review here on April 8, 1953, did so within the sixty days after the entry of the Board's order, provided by § 1006(a) of the Civil Aeronautics Act, 49 U.S.C.A. § 646(a).

On February 24, 1953, Consolidated filed with the Board a petition for reconsideration of the cease and desist order entered on February 5, 1953. On March 3, 1953, the Board stayed that order until thirty days after the determination of the petition for reconsideration. The petition was denied on April 1, 1953, and Consolidated's petition for review by this court was filed on April 8, 1953—that is sixty-two days after the cease and desist order was entered.

The question arises whether (a) Consolidated's petition for review by us, filed in this court sixty-two days after the order to cease and desist was entered by the Board on February 5, 1953, had had the time for its filing here extended beyond the sixty days of § 1006(a) by the filing and determination of Consolidated's petition to the Board for a reconsideration by the Board of its order or (b) whether under 5 U.S.C.A. § 1009(c), enacted June 11, 1946, the time for review had expired sixty days after the entry of the order of February 5, 1953, thus giving us no jurisdiction for its review.

 The construction of subsection (c) presents a question of first instance. No case is cited and we are unable to find any which has considered that subsection. In construing the statute it should be in such a manner that " 'if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' " Ex parte Public National Bank, 278 U.S. 101, 104, 49 S. Ct. 43, 44, 73 L.Ed. 202; D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704; McDonald v. Thompson,

---

1. Pursuant to § 1006(d) of the Civil Aeronautics Act, 49 U.S.C.A. § 646(d).

305 U.S. 263, 266, 59 S.Ct. 176, 83 L.Ed. 164.

■ The pertinent portions of subsection (c) are:

"(c) Every *agency action* made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the *final agency action. Except as otherwise expressly required by statute*, agency action otherwise final shall be final *for the purposes of this subsection* whether or not there has been presented or determined any application * * *, for any form of reconsideration, * *." (Emphasis supplied.)

The Civil Aeronautics Board is not one of the agencies whose action is excepted from the provisions of the last sentence of subsection (c). Its agency action is "made reviewable by statute", which is not "expressly required by statute" to have its time to seek review begin to run at some other date than the filing of its order. The exceptive clause covers such an agency as Federal Communications Commission, where the time for review, there by appeal, begins to run at the effective date of the order—not the date of the filing of the order itself. Southland Industries v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117, 118. It is thus apparent that the provisions of the last sentence of subsection (c) cover all agency reviews and are not confined to agency action not theretofore reviewable.

Further consideration shows the lack of merit in the contention that the words "agency action otherwise final" refer solely to agency action heretofore non-appealable. The first phrase of subsection (c) "Every agency action made reviewable by statute" covers final agency action as well as the "final agency action" heretofore without the remedy of review. The "final agency action" ending the next sentence covers all classes of agency action. The succeeding words "agency action otherwise final shall be final for the purposes of *this subsection*" covers *all* the agency actions of the *subsection*, not the agency action of some limited part of the subsection such as such action not heretofore reviewable.

It is not conceivable that Congress would have used the words "for the purposes of this subsection" when it meant "for the purposes of agency action heretofore not reviewable." So to construe the Congressional language would make "void" instead of "giving effect to" the words "this subsection." Ex parte Public National Bank, supra.

■ We hold that the Board's cease and desist order of February 5, 1953, is agency action covered by the last sentence of subsection (c) and that the order is "agency action otherwise final" which *"shall be final * * * whether or not there has been presented or determined any application * * * for any form of reconsideration".* Since the cease and desist order entered by the Board on February 5, 1953, is the Board's final order and Consolidated's petition for that order's review by us was not filed within the sixty days provided by § 1006(a) of the Civil Aeronautics Act, we are without jurisdiction to consider it.

■ It is contended that in the consideration of the bill providing for subsection (c) the Attorney General and one of the House members expressed the view that this section merely embodied the prior law and that under the prior law the pendency of a motion to reconsider extended the time to appeal. However, there is "no ambiguity in this Act to be clarified by resort to legislative history, either of the Act itself or of subsequent legislative proposals which failed to become law." Packard Motor Car Co. v. National Labor Relations Board, 330 U.S. 485, 492, 67 S.Ct. 789, 793, 91 L.Ed. 1040; Ex parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 959, 93 L.Ed. 1207; George Van Camp & Sons Co. v. American Can Co., 278 U.S. 245, 253, 49 S.Ct. 112, 73 L.Ed. 311.

The petition for review of the Board's order of February 5, 1953, is dismissed.

### Upon Motion to File Petition for Review.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

Petitioner sought a review here of an order of the Civil Aeronautics Board which on June 12, 1953, we ordered dismissed because brought within 60 days after the entry of a denial of a motion to reconsider the order but not within the 60 days from the entry of the order required by 49 U.S. C.A. § 646(a), providing:

> "(a) Any order, affirmative or negative, issued by the Board under this chapter, except any order in respect of any foreign air carrier subject to the approval of the President as provided in section 601 of this title, shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after the entry of such order, by any person disclosing a substantial interest in such order. After the expiration of said sixty days a petition may be filed only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore."

Petitioner now moves our permission to file the same petition and offers the following as "reasonable grounds" for invoking our action.

The law of this circuit at the time petitioner was considering its appeal procedure, as established in three of its decisions, was that under the Civil Aeronautical law jurisdiction was obtained by this court by seeking its review within 60 days after the entry of the Board's denial of a petition for rehearing on its order. Western Air Lines v. C. A. B., 9 Cir., 196 F.2d 933, certiorari denied 344 U.S. 875, 73 S.Ct. 167; Southwest Airways Co. v. C. A. B., 9 Cir., 196 F.2d 937; Western Air Lines v. C. A. B., 9 Cir., 194 F.2d 211. As seen, it was not until June 12, 1953, over two months after petitioner had sought review relying on the law as so established, that we changed the law of the circuit by the above decision.

We think that petitioner's reliance on the established law of the circuit at the time it first sought a review is a "reasonable ground" for the failure to seek a review of the original order in the 60 day period from its entry.

At the hearing of the motion the parties stipulated that if it were granted the petition for review which we dismissed shall be deemed to have been this day filed and petitioner's further motion for a stay of the Board's order pending the consideration of the merits of the review shall be deemed submitted.

Upon the facts stated in the affidavits for the stay and those stated by the Board and Airborne Flower and Freight Traffic, Inc., we find that irreparable harm will be caused the petitioner unless the stay be granted.

The motion to file the petition for review is granted and the petition is deemed filed as of this date. The Board's order is ordered stayed until the decision on the merits of the petition for review.