**UNITED STATES v. JONES.**

No. 14575.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1953.

Rehearing Denied Dec. 15, 1953.

James L. Guilmartin, U. S. Atty., Miami, Fla., Herbert S. Phillips, U. S. Atty., Tampa, Fla., Warren Olney III, Asst. Atty. Gen., Arthur B. Caldwell, Sydney Brodie, Attys., Department of Justice, Washington, D. C., for appellant.

Pat Whitaker, Tampa, Fla., Mark R. Howes, Asst. Atty. Gen. of Fla., Tom Whitaker, Tampa, Fla., Richard W. Ervin, Atty. Gen. of Fla., Whitaker Brothers, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of dismissal by the district court of a two-count information charging the appellee with the violation of Section 242 of Title 18 of the United States Code, commonly known as the civil rights act. The trial court construed the information to charge the defendant, an officer in a Florida state prison, with having whipped certain prisoners entrusted to his custody for the purpose and with the intention of disciplining them. The court held that mere disciplinary action by state prison officials was no offense under the federal statute.

On direct appeal to the Supreme Court under Section 3731 of Title 18 of said code, the Government sought reversal of the judgment of dismissal on the ground that the information charged more than the court below construed it to charge. It contended that the information charged the appellee with having willfully extorted confessions of violations of prison rules from the prisoners and having willfully inflicted summary corporal punishment upon them in violation of the laws of Florida and the constitution of the United States. Since the Government's theory of the prosecution was based upon a construction of the information that differed materially from the construction put upon it by the district court, the Supreme Court, for reasons stated in its opinion reported in 345 U.S. 377, 73 S.Ct. 759, remanded the case to the Court of Appeals for the Fifth Circuit for a construction of the information and such further proceedings as might be appropriate to a review of the judgment on appeal.

▉ The opinion of the district court sets out in full count one of the information; it also states that count two is identical with count one except as to the name of the prisoner and as to the omission of any allegation of an attempt to extort information by coercion. This opinion is reported in 108 F.Supp. 266, and holds that Florida officials, having custody of convicted felons serving prison sentences, violated no federal law by whipping them for disciplinary reasons. The Government concedes that the state has the power to manage the affairs of its penal institutions and to enforce discipline among its prisoners; and we hold that the federal government has no power to control or regulate the internal discipline of the penal institutions of its constituent states. All such powers are reserved to the states, and the 14th Amendment does not authorize Congress to legislate upon such matters. In re Civil Rights Cases, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835; Siegel v. Ragen, 7 Cir., 180 F.2d 785, certiorari denied 339 U.S. 990, 70 S.Ct. 1015, 94 L.Ed. 1391.

▉▉ Nevertheless, federal laws may be violated within prison walls, and federal crimes committed therein, as well as elsewhere within the territorial limits of a state; and the fact that state officers are violating state as well as federal laws does not exonerate them from penalties under the latter. Facts are stubborn things when proven or admitted in the disposition of a case; and, paradoxical as it may seem, the defendant was whipping these prisoners under color of law although doing it in violation of law. Color of law, as used in the

statute, means pretense of law: it may include, but does not necessarily mean, under authority of law.

The first half of the first count of the information before us is duplicitous, ambiguous, and argumentative, which renders it or parts of it liable to be stricken out by a motion; but the last sentence in count one expressly alleges that the state officer, under color of state law, did willfully and knowingly strike said prisoner for having escaped and to coerce information concerning alleged offenses, etc., "for the willful purpose and with the intent to impose illegal summary punishment upon, and to deprive the said named prisoner of, his said constitutional rights; in violation of 18 U.S.C. 242." The second count alleges all the preliminary facts pertinent or necessary to the charge, some of which were unnecessary, and then it expressly alleges the crucial facts that the defendant while acting under color of state law as aforesaid, willfully and knowingly with his fists and feet did beat, bruise, batter, and injure the said Aubrey Lee Tuck, for having escaped, etc., "all for the willful purpose and with the intent to impose illegal summary punishment upon and to deprive the said Aubrey Lee Tuck of the aforesaid constitutional rights."

By the same act or series of acts, a person may violate two or more penal statutes, either state or federal. Being equivalent to a demurrer, the motion to dismiss in this case admits that the appellee committed the alleged wrongs and injuries for the purpose and with the intent of depriving the victims of their specified rights under the constitution and laws of the United States. It admits every other well-pleaded allegation of fact in both counts of the information, including the appellee's official custody of said prisoners, his acting under color of state law, his beating, bruising, battering, and injuring one with a rubber hose for an infraction of prison rules and to coerce information with reference to alleged offenses, and his doing the same as to the other prisoner except as to coercing information and except that the injuries were inflicted with his fists and feet; and, as to both counts, including his intent and purpose to impose illegal summary punishment upon them and to deprive them of their specified constitutional rights.

Thus the appellee was fully informed of the nature and cause of the accusation against him. Under Rule 11 of the Rules of Criminal Procedure, 18 U.S.C., he might have plead guilty, not guilty, or, with the consent of the court, *nolo contendere*. Under Rule 12, all other pleas are abolished; so are demurrers and motions to quash; but defenses and objections which heretofore could have been raised before trial by pleas, demurrers, and motions to quash, may be raised only by motions to dismiss or to grant other appropriate relief as provided by said rules.

For the reasons stated, we think the judgment appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion. If and when the motion to dismiss the information shall be overruled by the district court, as we have decided it should be, a plea of not guilty by the defendant will join issue upon, and put the Government to the proof of, all the material allegations in the information, including the willful character of the acts of the defendant and his intention to deprive said prisoners of their civil rights under the constitution and laws of the United States. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L. Ed. 1348; United States v. Classic, 313 U.S. 299, 327, 61 S.Ct. 1031, 85 L.Ed. 1368; Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; Dowd v. State ex rel. Cook, 340 U.S. 206, 71 S. Ct. 262, 95 L.Ed. 215; Williams v. United States, 341 U.S. 97, 103, 71 S.Ct. 576, 95 L.Ed. 774; United States v. Jones, 345 U.S. 377, 378, 73 S.Ct. 759; Pullen v. United States, 5 Cir., 164 F.2d 756;

788

Pulliam v. United States, 10 Cir., 178 F.2d 777; United States v. Lynch, 5 Cir., 189 F.2d 476; United States v. Slobodkin, D.C., 48 F.Supp. 913; United States v. Mertine, D.C., 64 F.Supp. 792; Gordon v. Garrson, D.C., 77 F.Supp. 477; United States v. Miller, D.C., 80 F.Supp. 979; United States v. Universal Milk Bottle Service, Inc., D.C., 85 F.Supp. 622; United States v. Kranz, D.C., 86 F.Supp. 776; Siegel v. Ragen, D.C., 88 F.Supp. 996, affirmed, 7 Cir., 180 F.2d 785, certiorari denied, 339 U.S. 990, 70 S.Ct. 1015, 94 L. Ed. 1391; United States v. Hearne, D.C., 6 F.R.D. 294. Cf. Davis v. Turner, 5 Cir., 197 F.2d 847, 849.

Reversed.