458

**UNITED STATES v. WALKER.**
Cr. No. 992–G.

United States District Court,
N. D. Florida, Gainesville Division.
May 24, 1954.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., for plaintiff.

William C. Pierce, Tampa, Fla., for defendant.

DE VANE, Chief Judge.

A brief review of what has transpired to date in U. S. v. Jones, a similar case pending in the U. S. District Court for the Southern District of Florida will contribute to a better understanding of the question before me in this case.

When government agents were sent into Florida to investigate alleged cruel treatment of State prisoners by employees of the State of Florida, in charge of prison camps, State Road Department prison camp No. 8515, located in Pinellas County, Florida, was first investigated. The investigation of this camp led to the return in the U. S. District Court for the Southern District of Florida, Tampa Division, of an indictment, in five counts, against L. P. Jones, the captain in charge of this camp. The indictment was returned October 6, 1951. Subsequent thereto, on December 27, 1951, the U. S. Attorney filed a criminal information, in this same court, against Jones, charging in substantially the same language, the same offenses included in the indictment.

The indictment and the information, in each count thereof, charged that the defendant did willfully, unlawfully and wrongfully, under color of law, statutes, and regulations of the State of Florida, subject named persons, inhabitants of Florida, and prisoners in said State prison camp, to the deprivation of their liberty, without due process of law, secured and protected by the Constitution and laws of the United States, to wit: The right to be secure in their person and to be immune from illegal assault and battery and the right not to be assaulted and beaten by the defendant. The indictment and information then charged the defendant with illegally assaulting and beating the prisoners named, in violation of their Constitutional rights and of Section 242 of Title 18 U.S.C.A.

The indictment remained dormant in the Court and a motion to dismiss the information was filed, resulting in the Court, on October 23, 1952, granting the motion to dismiss. On October 24, 1952,

the U. S. Attorney filed with the court a motion to also dismiss the indictment, which was granted on the same day.

Along with the order dismissing the information in this case, District Judge Barker filed a well considered opinion (not reported) in which he found and held that the alleged acts of misconduct of the defendant, charged in the several counts of the information, constituted no offense under any statute of the United States, for reasons set forth in the Memorandum Decision.

A second criminal information in two counts was promptly filed (November 20, 1952) against Jones. In Count 1 of the information the same general allegations as to the violation of the Constitutional rights of the prisoner therein named were repeated and, in addition thereto, defendant Jones was charged with inflicting illegal summary punishment upon the prisoner for an alleged escape from the prison camp. Count 2 of the information charged only a violation of the Constitutional rights of the prisoner therein named by charging the defendant with summarily punishing him for an alleged escape from the prison camp.

A motion to dismiss this information was filed on November 25, 1952, and on the same day District Judge Barker filed in said cause his opinion and order dismissing the information. In the opinion filed in this case, Judge Barker held the only offense charged against the defendant under Section 242, was that of punishing the prisoners for having escaped in violation of the State law. F.S.A. § 954.30. Then Judge Barker posed the question whether the charge that a State convict captain, having custody of prisoners who are serving sentences, as convicted felons, violates any Federal law, if he disciplines such convicts by whipping them for having violated the law of the State by escaping. Judge Barker reached the conclusion that it was not an offense under Section 242, to inflict such punishment upon a State convict and quashed the information. U. S. v. Jones, D.C., 108 F. Supp. 266.

On direct appeal of this case to the Supreme Court of the United States, under Section 3731, Title 18, U.S.C.A., the Supreme Court, for reasons stated in its opinion, reported in 345 U.S. 377, 73 S.Ct. 759, 97 L.Ed. 1086, remanded the case to the Court of Appeals, Fifth Circuit for review of the Judgment on Appeal and the case was there reversed.

The Court of Appeals held, that while the Fourteenth Amendment does not empower Congress to legislate on matters respecting the internal discipline of State penal institutions, its guarantee of due process does extend to State convicts, and that a violation of Section 242 was charged in each count of the information. U. S. v. Jones, 5 Cir., 207 F.2d 785. The Jones case is still pending in the Southern District Court.

Further investigation by Federal agents led to the return of four indictments in my court. The indictment in this case and in the other three cases were returned on September 26, 1952. Motions to dismiss these indictments were filed in my court on December 1, 1952. The delay in bringing these motions on for a hearing grows out of the fact that counsel for the parties and the court agreed that decisions on the motions should be delayed until a final decision on appeal was had in the Jones case.

The offenses charged in each count of the indictment in this case is, in substance and almost verbatim in words, the same as that charged in the indictment and the first information filed in the Jones case, and the government is in this court again vigorously asserting that Title 18, U.S.C.A. § 242, protects State convicts from illegal punishment by State officers and employees. It is not alleged in any count of this indictment that any prisoner violated any State law, but merely that he was illegally punished for alleged violations of State prison regulations.

Judge Barker, in his opinion in the Jones case, supra, sets forth the law fully on the right of a State to punish convicts for infractions of State prison regulations. He also cited therein many cases sustaining the right of a State to inflict corporal punishment upon prisoners. And for the reason that the law on this subject is so well set out in that opinion it will not be repeated here.

Florida has joined several other States that have made corporal punishment of prisoners illegal, Section 952.05 F.S.A., and the question I have before me for decision is whether Title 18 U.S.C.A. § 242, protects State prisoners against illegal punishment by State prison officers or guards, having such convict in their custody.

■■ The indictment makes out a strong case against the defendant of having violated the State law referred to above. On the other hand, the indictment also shows that the prison guards had in their custody some difficult prisoners. One of them is named in six counts of the indictment, and some of the others are named in more than one count. This is a bad case that could lead to making bad law. Florida has taken a commendable forward step in outlawing corporal punishment of State prisoners and, in my opinion, it would be a travesty on justice to hold that this action subjects its prison officers and guards who violate this law to prosecution in a Federal Court.

In his opinion in U. S. v. Jones, supra, Judge Holmes cites the many cases that have considered the scope and breadth of Section 242 and a careful reading of these cases disclose that none of them sustain the government in the position now taken before me. I shall only refer to Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 and Williams v. U. S., 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774. In the Screws case, the Supreme Court said [325 U.S. 91, 65 S.Ct. 1038]:

"The statute does not come into play merely because the federal law or the state law under which the officer purports to act is violated. It is applicable when and only when some one is deprived of a federal right by that action."

In the Williams case, the Court said [341 U.S. 97, 71 S.Ct. 579]:

"It is the right of the accused to be tried by a legally constituted court, not by a kangaroo court."

These brief quotations from the Screws and Williams cases serve to point up the limit our highest court has gone to date in expanding the purpose and the intent of the Fourteenth Amendment in the field of State activity. The Fourteenth Amendment and Section 242 clearly protects an individual charged with violating any State law from summary punishment at the hands of any State official. But no such offense is charged in this indictment and despite the adverse ruling of Judge Barker on the precise question now before me government counsel are again vigorously contending that the violation of a State law by a prison officer in inflicting illegal punishment on a State prisoner constitutes a violation of Section 242. To so hold would destroy rights reserved to the States by the Tenth Amendment. See U. S. v. Jones, D.C., 108 F.Supp., 266.

■■ Judge Holmes aptly states the law in United States v. Jones, supra [207 F.2d 786], as follows:

"* * * we hold that the federal government has no power to control or regulate the internal discipline of the penal institutions of its constituent states. * * * and the 14th Amendment does not authorize Congress to legislate upon such matters."

The court finds and holds that no Federal offense is charged in this case and that each count of the indictment should be dismissed. An appropriate order will be entered herein in conformity with this Memorandum Decision.