**UNITED STATES of America,**

**v.**

**James Sheldon WALKER.**

**No. 15144.**

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1954.

Rehearing Denied Dec. 22, 1954.

Hayford O. Enwall, Asst. U. S. Atty., Gainesville, Fla., Harrold Carswell, U. S. Atty., Tallahassee, Fla., Warren Olney, III, Asst. Atty. Gen. Arthur B. Caldwell, Sydney Brodie, Dept, of Justice, Washington, D. C., for appellant.

Wm. C. Pierce, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

What and all that is in question here is whether the district judge erred in dismissing, on the ground put forward by him that the indictment did not charge a federal offense but in effect merely charged the defendant with violations of Florida law, Sec. 952.05, F.S.A., an indictment[1] charging appellee with twenty-eight separate violations of 18 U.S.C.A. § 242.[2]

1. The first count, identical in all respects with the others except as to the name of the alleged victim of the deprivation is as follows:

"That heretofore, on, to-wit: the 16th day of October, 1949, in Levy County in the Northern District of Florida, and within the jurisdiction of this Court,

James Sheldon Walker,

hereinafter called the defendant,

was, pursuant to law, a commissioned officer, agent, and employee of the State of Florida, in charge of State Prison Camp No. 8540, located in Levy County, at or near Bronson, Florida, and was then and there engaged in the discharge of his duties to confine, discipline, supervise, and work prisoners of the State of Florida, committed and assigned, pursuant to law, to said prison camp; that at said time and place one William Cottingham was a State prisoner at said prison camp, in charge of, and under the custody and control of the said defendant; that he, the said defendant, then and there, at the time and place aforesaid, did willfully,

unlawfully, and wrongfully and in the abuse and excess of his lawful authority, and under color of law, statutes, and regulations of the State of Florida, subject and cause to be subjected the said William Cottingham, an inhabitant of the State of Florida, and a prisoner in said prison camp, in the custody and under the control of the said defendant, to the willful deprivation of the rights, recognized, secured, and protected to him, the said William Cottingham by the Constitution and laws of the United States, to-wit: the right to be secure in his person, and to be immune from illegal assault and battery by the defendant and by other persons under the defendant's direction and control, and the right not to be assaulted by the said defendant and by other persons under the defendant's control and direction, and the right and privilege not to be subjected to punishment without due process of law; and the GRAND JURORS aforesaid thereupon, further present and charge that the said defendant, in willful violation and deprivation

The United States, appealing from the order, is here insisting that, in United States v. Jones, 5 Cir., 207 F.2d 785, this court sustained as valid an information the same in form and substance, and that the decision in this case is controlled by that decision.

The appellee, vigorously disputing this contention, insists that the information in the Jones case contains essential allegations clearly spelling out the reason for the alleged assault, coupled with an allegation of specific intent to deny the alleged victim the benefit of a specific federal right, while the indictment here does not.

He insists further that the indictment, like the complaint, dealt with in this court's decision in Yglesias v. Gulfstream Park Racing Association, 5 Cir., 201 F.2d 817, is deficient, in that it is based upon generalities and conclusions instead of upon specific factual allegations pointing to an intentional and deliberate denial of specific federal rights.

We do not think so. While the allegations of the information in the Jones case and of the indictment in this one are not verbally identical, they are in legal substance the same. We think it clear, therefore, that sufficiently to withstand a demurrer or motion to dismiss, each count of the indictment charged a federal offense within the scope and meaning of the section, and that it was error to dismiss the indictment.

Appellee's reliance, therefore, on the fact that in the Jones case the information stated the reasons for the alleged assault and the indictment in this case did not, will not do, for in each case the offense consists, not in the reason given by, or charged against, the offender for the unlawful action, the wilful deprivation under the color of state law of rights secured to prisoners by the Federal Constitution, but in the fact of the deliberate and wilful deprivation of such rights by the officer under such color.

It was error to dismiss the indictment. The judgment is Reversed and the cause is Remanded with directions to proceed further and not inconsistently herewith.

of the rights of said William Cottingham hereinabove alleged, recognized, secured, and protected by the Constitution and laws of the United States, did, on or about the date and at the place aforesaid, within the jurisdiction of this Court, willfully, unlawfully, and wrongfully beat, bruise, wound, lacerate, cut, and injure the person and body of the said William Cottingham.

Contrary to the form of the statute in such case made and provided (18 U.S.C. 242) and against the peace and dignity of the United States of America."

2. 18 U.S.C. § 242, insofar as material here, provides: "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States * * * shall be fined not more than $1000 or imprisoned not more than one year, or both."