**NORTHWEST MARINE TERMINALS ASSOCIATION, et al., Petitioners,**

**v.**

**FEDERAL MARITIME BOARD and United States of America, Respondents,**

**Intercoastal Steamship Freight Association, Intervening Respondent.**

**No. 14414.**

United States Court of Appeals, Ninth Circuit.

Jan. 17, 1955.

Bogle, Bogle, & Gates, Edward G. Dobrin, Robert W. Graham, Seattle, Wash., Thomas J. White, Norman E. Sutherland, White, Sutherland & Parks, Portland, Or., for appellants.

Stanley N. Barnes, Asst. Atty. Gen., Daniel M. Friedman, Spe. Asst. to Atty. Gen., Clarence G. Morse, Gen. Counsel, Max E. Halpern, Asst. Gen. Counsel, Edward Aptaker, Atty., Federal Maritime Board, Washington, D. C., for appellee.

Wood, Matthiessen, Wood & Tatum, Erskine B. Wood, Portland, Or., for intervenor.

Before DENMAN, Chief Judge, and HEALY and POPE, Circuit Judges.

PER CURIAM.

Petitioner filed a petition to review a final order of the Federal Maritime Board which was entered more than 60 days before review was sought. It contends that inasmuch as it filed a motion with the Board for reconsideration, its 60 days runs from the entry of the order denying reconsideration. We disposed of this contention adversely to petitioner in Consolidated Flower Shipments, Inc., v. Civil Aeronautics Board, 9 Cir., 205 F.2d 449.

The 60 days commences when the Board's final order is handed down and a subsequent petition for rehearing or reconsideration does not extend that time.

The motion to dismiss the petition is granted.