**UNITED STATES of America,**
**Appellant,**

v.

**Herschel Forrest JACKSON, Appellee.**

**No. 15459.**

United States Court of Appeals
Eighth Circuit.

Aug. 7, 1956.

Arthur B. Caldwell, Attorney, Department of Justice, Washington, D. C. (Osro Cobb, U. S. Atty., Little Rock, Ark., Warren Olney, III, Asst. Atty. Gen., and Maceo W. Hubbard, Attorney, Department of Justice, Washington, D. C., on the brief), for appellant.

W. H. Gregory, Little Rock, Ark., for appellee.

Before STONE (retired), and WOODROUGH and VAN OSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

The Government takes this appeal to reverse a judgment which sustained a motion against and dismissed an indictment for violation of Section 242, Title 18 U.S.C.A., on the ground that it failed to state an offense against the United States under the provisions of the section.

The section, so far as it is relevant, provides that "Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States * * * shall be fined not more than $1,000 or imprisoned not more than one year, or both." The indictment is set forth in words and figures in the footnote.[1]

---

1. "The Grand Jury charges:

"(1) That on or about the twenty-first day of June, 1954, one James Anderson was an inmate or prisoner of the Pulaski County Penal Farm, a penal institution established and operated under the laws of the State of Arkansas, including Section 46–502, Arkansas Statutes, 1947, Annotated, the said James Anderson, having been committed to the said Pulaski County Penal Farm on or about the 18th day of April, 1954, to serve a sentence of ninety days confinement by the Municipal Court, Little Rock, Arkansas, pursuant to the laws of the State of Arkansas, including Section 46–502, Arkansas Statutes 1947, Annotated.

"(2) That on or about the twenty-first day of June, 1954, the defendant, Herschel Forrest Jackson, was a duly appointed guard or foreman-rider at the said Pulaski County Penal Farm, the said defendant having been appointed to the office or position of guard or foreman-rider by D. B. Bishop, Superintendent of the Pulaski County Penal Farm, on or about the 15th day of April, 1954, in accordance with the laws of the State of Arkansas, including Sections 46–504 and 46–506, Arkansas Statutes, 1947, Annotated. As such guard or foreman-rider, it was the duty of said defendant to guard, work, manage, control, supervise, and keep in custody inmates or prisoners designated or assigned him by the said D. B. Bishop or other officials of the Pulaski County Penal Farm superior to the said defendant.

"(3) That on or about the twenty-first day of June, 1954, in Pulaski County, near the town of Roland, State of Arkansas, in the Eastern District of Arkansas, and within the jurisdiction of this Court, while the said defendant did have the said James Anderson under his care, custody, management, supervision and control, and while acting under color of the laws, statutes and regulations of the State of Arkansas, and of Pulaski County therein, and as a duly appointed guard or foreman-rider, as aforesaid, he, the said Herschel Forrest Jackson, did wilfully subject the said James Anderson, an inhabitant of the United States, and of the State of Arkansas, to the deprivation of rights, privileges and immunities secured to him and protected by the Constitution of the United States, to wit, the right not to be deprived of his liberty without due process of law, the right and privilege to be secure in his person while in the custody of the State of Arkansas, or an agent or officer thereof, the right and privilege to be immune from summary punishment by persons acting under color of the laws

On this appeal it is contended for appellee in support of the judgment that (1) the indictment fails to set forth the necessary elements of an offense under Section 242 as required by Rule 7(c) of Federal Rules of Criminal Procedure, 18 U.S.C.A., and (2) that the rights which it charges Anderson was deprived of are rights protected by the State and not by the United States, and (3) that appellee was not charged with being an officer of Arkansas or acting under any law of the State in subjecting Anderson to deprivation of rights.

The essential elements of the crime denounced by Section 242, relevant here, are (1) action taken under color of state law, (2) wilfully to subject to the deprivation of rights protected by the Constitution (i.e. Fourteenth Amendment) and the laws of the United States, (3) an inhabitant of any State of the United States.

The indictment here follows the language of the statute and clearly includes each of the elements. It sets forth that one James Anderson, an inhabitant of the State of Arkansas, was a prisoner in an Arkansas penal institution established and operated under the laws of Arkansas, and that defendant was a guard or foreman-rider at the institution appointed and employed under Arkansas law to perform certain described duties there. It specifies the Arkansas law and charges that defendant, while acting under the color of the laws of Arkansas in his employment at the institution, did wilfully subject Anderson to the deprivation of certain rights, privileges and immunities secured and protected by the Constitution of the United States. The rights are specified as (1) the right not

to be deprived of his liberty without due process of law; (2) the right and privilege to be secure in his person while in the custody of the State of Arkansas or an officer thereof; (3) the right to be immune from summary punishment by persons acting under color of the laws of Arkansas; and (4) the right and privilege not to be subject to punishment without due process of law.

It was charged that defendant, while acting under color of Arkansas law, did wilfully beat, batter, bruise, and injure Anderson with a stick or club "for the wilful purpose of administering and imposing illegal summary punishment upon Anderson" and "with intent to deprive him of the aforesaid constitutional rights and privileges and immunities."

Rule 7(c) of tthe Federal Rules of Criminal Procedure provides in pertinent part that "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense", and the Supreme Court in United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 115, 98 L.Ed. 92, observed in discussing Rule 7(c) that the Rules "were designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure." The Court quoted the following: " 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may

---

of the State of Arkansas, and right and privilege not to be subjected to punishment without due process of law.

"That is to say, that at the time and place aforesaid, the aforesaid defendant, Herschel Forrest Jackson, while acting under the color of the laws, statutes, and regulations, of the State of Arkansas, and of Pulaski County therein, as aforesaid, and as a guard or foreman-rider of the said Penal Farm, did wilfully and with-

out lawful authority strike, whip, beat, batter, bruise and injure the said James Anderson, on or about his head and body with a stick or club for the wilful purpose of administering and imposing illegal summary punishment upon the said James Anderson, and with intent to deprive him of the aforesaid constitutional rights, privileges, and immunities.

"In violation of Section 242, Title 18, United States Code."

plead a former acquittal or conviction." ' "

In Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 1036, 89 L.Ed. 1495, the Supreme Court gave full consideration to arguments concerning the vagueness of what is now Section 242. It decided that the language used in the section, construed narrowly with full weight accorded the word "willfully" as requiring a specific intent to deprive of a right that has been made specific by the express terms of the Constitution or laws of the United States or by decisions interpreting them, presents an ascertainable standard of guilt. "It gives a person acting with reference to the statute fair warning that his conduct is within its prohibition."

■ We hold that the indictment here meets the requirements of Rule 7(c) and presents essential facts constituting the offense under Section 242 with which the appellee is charged.

As to the contention that the acts of appellee, while he was serving the State as guard or foreman-rider guarding Anderson and keeping him in custody, were not under color of State law and deprived Anderson of rights within state and not federal protection, we turn to the decision of this Court in the case of Culp v. United States, 8 Cir., 1942, 131 F.2d 93, 97.

In that case this Court reviewed convictions under an indictment charging conspiracy to violate the same statutory provisions that are here involved in that defendants conspired to subject certain inhabitants of States of the United States to the deprivation of rights, privileges and immunities secured to them and protected by the Constitution and laws of the United States, to wit (among others), the right of being free from unlawful assault on their persons. The defendants contended, as does the defendant here, that there was no federal jurisdiction in that the rights of which the victims may have been deprived were not rights, privileges or immunities secured or protected by the Constitution

and laws of the United States within the meaning of the section.

Answering such contention, this Court said:

"The due process clause of the Fourteenth Amendment to the Constitution of the United States prohibits any state from depriving any person of life, liberty, or property, without due process of law. Section 5 of the Fourteenth Amendment provides that 'the Congress shall have power to enforce, by appropriate legislation, the provisions of this article.' It is true that the Fourteenth Amendment added nothing to the rights of one citizen or inhabitant of the United States as against another. It furnished 'an additional guaranty against any encroachment by the States upon the fundamental rights which belong to every citizen as a member of society.' United States v. Cruikshank, 92 U.S. 542, 554, 23 L.Ed. 588. The right to the enjoyment of life and liberty and the right to acquire and possess property are fundamental rights of the citizens of the several states and are not dependent upon the Constitution of the United States or the Federal Government for their existence. Hodges v. United States, 203 U.S. 1, 15, 27 S.Ct. 6, 51 L.Ed. 65. The due process clause of the Fourteenth Amendment, however, proscribed state action which deprives a person of his fundamental rights without due process of law. The words of the Amendment are prohibitory, 'but they contain a necessary implication of a positive immunity, or right.' * * * Strauder v. [State of] West Virginia, supra, 100 U.S. [303] at page 310, [25 L.Ed. 664]; United States v. Reese, 92 U.S. 214, 217, 23 L.Ed. 563. The states, in adopting the Fourteenth Amendment, expressly delegated to Congress the power to provide for the enforcement of its provisions by appropriate legislation. Sec. 52, 18 U.S.C.A. Sec. 20 of the Criminal

Code [now Sec. 242, 18 U.S.C.A.] was enacted in the exercise of that power."

The defendants also contended there, as does the defendant here, that the assaults they were shown to have committed upon inhabitants were not under color of state law, and as to that contention, this Court quoted from the decision of the Supreme Court in United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368, as follows:

" 'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law.' "

█ According to the indictment here the appellee was clothed with authority over Anderson by the Arkansas law set out in the indictment and appellee's misuse of this power was action taken under color of state law.

The decision of this Court in the Culp case in 1942 anticipated the decision of the Supreme Court in 1944 in interpreting and applying what is now Section 242 in Screws v. United States, supra. The conviction in that case was for substantive violation of the section as well as for conspiracy, and although the conviction was reversed and a new trial awarded, the federal jurisdiction was sustained and the indictment was not suppressed. Interpreting "color of law", the Court repeated and approved the quotation from the Classic case cited by this Court in the Culp case, supra, and also quoted from Ex parte State of Virginia, 100 U.S. 339, 346, 25 L.Ed. 676, where the Court in deciding what was state action within the Fourteenth Amendment held that it was immaterial that the state officer exceeded the limits of authority " 'as he acts in the name [of] and for the State, and is clothed with the State's power, his act is that of the State. This must be so, or the constitutional prohibition has no meaning. Then the State has clothed one of its agents with power to annul or to evade.' "

"The Classic case recognized, without dissent, that the contrary view would defeat the great purpose which § 20 [present Section 242] was designed to serve [the protection of the citizen in his civil liberties]."

█ The indictment in this case is substantially the same in form and substance as the indictments and informations which have been sustained as charging illegal deprivation or conspiracy to deprive of the same constitutional rights in a large number of federal cases including Catlette v. United States, 4 Cir., 132 F.2d 902; Crews v. United States, 5 Cir., 160 F.2d 746; Koehler v. United States, 5 Cir., 189 F.2d 711; Apodaca v. United States, 10 Cir., 188 F.2d 932; Lynch v. United States, 5 Cir., 189 F.2d 476, certiorari denied 342 U.S. 831, 72 S.Ct. 50, 96 L.Ed. 629; United States v. Jones, 5 Cir., 207 F.2d 785; United States v. Walker, 5 Cir., 216 F.2d 683, certiorari denied 348 U.S. 959, 75 S.Ct. 450, 99 L.Ed. 748, and the principles declared by this Court in the Culp case completely support its validity. It is true that in most of the cases the inhabitants who have been subjected to deprivation of federally secured rights have not been convicts undergoing state imprisonment. Anderson was such a convict, but he did not, on that account, cease to be an inhabitant of the State of Arkansas nor become divested of all rights protected under the Fourteenth Amendment. A convicted prisoner remains under the protection of the Fourteenth Amendment except as to those rights expressly or by necessary implication taken from him by law. He still has his right to be secure in his person against unlawful beating done under color of law wilfully to deprive him of the right. United States v. Jones, supra; United States v. Walker, supra.

Our decision on this appeal goes only to the extent of holding that the motion to dismiss the indictment for failure to state an offense against the United States was erroneously sustained.

Reversed and remanded.