**UNITED STATES of America,**

v.

**Harold Lawrence BLASIUS, a/k/a
H. Lawrence Blasius, a/k/a
B. Lawrence, Defendant.**

United States District Court
S. D. New York.

May 6, 1964.

Charles J. Fanning, Asst. U. S. Atty., New York City, for the Government.

Louis Grossman, New York City, for defendant.

CANNELLA, District Judge.

Petitioner's motion pursuant Rule 12 (b) of the Federal Rules of Criminal Procedure to dismiss the Information, asserting that the facts set forth in each count are insufficient to charge an offense under Title 35 U.S.C.A. § 33, is denied.

The information charges the defendant in 52 counts with violations of Title 35 U.S.C.A. § 33, in that the defendant, not being recognized to practice before the Patent Office did unlawfully hold himself out and permit himself to be held out in advertisements in various publications and letters as being qualified to prepare application for patent.

The defendant entered a plea of not guilty as to each count and thereafter brought the instant motion asserting that the facts in each count are insufficient to charge an offense under Title 35 U.S.C.A. § 33.[1]

The factual basis for the Information concerns a former registered patent agent (1951–1961) not an attorney, who after being excluded from practice before the Patent Office because of a violation of Rule 345,[2] continued nevertheless to advertise, claiming that he had altered his method of operation so as not to come within the purview of Title 35 U.S.C.A. § 33.

The substance of the Information herein is that the first 50 counts charge the defendant " * * * not being recognized to practice before the Patent Office, unlawfully, wrongfully and knowingly did hold himself out and did cause and permit himself to be held out as being qualified to prepare applications for patent * * * ". It is charged that defendant violated this express provision of law by advertising, in fifty separate and distinct monthly issues of Popular Science, Popular Mechanics and Mechanix Illustrated, all of which issues were published between January, 1961 and December, 1962.

Counts 51 and 52 of the Information, in substance, charge that defendant, " * * * not being recognized to practice before the Patent Office, unlawfully, willfully and knowingly did hold himself out as being qualified to prepare applications for patent * * * " in letters

1. "Whoever, not being recognized to practice before the Patent Office, holds himself out or permits himself to be held out as so recognized, or as being qualified to prepare or prosecute applications for patent, shall be fined not more than $1,000 for each offense. July 19, 1952, c. 950, § 1, 66 Stat. 796."

2. "(a) The use of advertising circulars, letters, cards and similar material to so-

licit patent business, directly or indirectly, is forbidden as unprofessional conduct, and any person engaged in such solicitation, or associated with or employed by others who so solicit, shall be refused recognition to practice before the Patent Office or may be suspended, excluded or disbarred from further practice."

addressed to one Clifford Hamilton, Auburn, New York, dated March 23, 1961 and one Mrs. C. M. Glass, Washington, D. C., dated July 6, 1962.

On a motion to dismiss such as this, the court is limited to the face of the Information and all the facts therein must be accepted as true. In United States v. Debrow, 346 U.S. 374, 377, 74 S.Ct. 113, 114, 98 L.Ed. 92, the Supreme Court stated that:

"* * * The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' * * * Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861."

The Information herein is substantially in the form of the statute and in such a case, in the absence of ambiguity, the court is constrained to find it sufficient. United States v. Achtner, 2 Cir., 144 F.2d 49; United States v. Palmiotti, 2 Cir., 254 F.2d 491; United States v. Mertine, D.C.N.J., 64 F.Supp. 792; United States v. Hearne, D.C.Wis., 6 F.R.D. 294; United States v. Gilboy, D.C.Pa., 160 F.Supp. 442.

A reading of Section 33 presents no ambiguity to this court. Many factual situations come to mind which would be violative of it. The reference to the legislative history has historical significance but is not dispositive of this motion.[3] Where the words are ambiguous, the court can properly use the legislative direction in interpretation, and that method of determining congressional purpose is likewise applicable where the literal words would bring about an end completely at variance with the purpose of the statute. Texas & Pacific R. Co., v. Abilene Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553; Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; International Longshoremen's and Warehousemen's Union v. Juneau Spruce Corp., 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275; Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; United States v. Public Utilities Commission, 345 U.S. 295, 73 S.Ct. 706, 97 L.Ed. 1020. However, since it is the determination of this court that the language and purpose of Section 33 is clear, no resort to the legislative history is necessary.[4] The statute clearly makes it a crime to hold oneself out or permit oneself to be held out as recognized to practice before the Patent Office, or as being qualified to prepare or prosecute applications for patent. The relief the defendant seeks is legislative in nature and cannot be accomplished by judicial fiat. Story v. Snyder, 87 U.S.App.D.C. 96, 184 F.2d 454. Persons such as this defendant should seek relief in Congress and not in the courts. Packard Motor Car Co. v. National Labor Relations Board, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040; Consolidated Flowers Shipments, Inc., Bay Area v. Civil Aeronautics Bd., 9 Cir., 205 F.2d 449.

The motion to dismiss the Information as insufficient to charge an offense under Title 35 U.S.C.A. § 33, is denied.

So ordered.

---

3. The court is indebted to Mr. Peyton Ford for the scholarly and comprehensive brief of the legislative history of § 33 as amicus curiae.

4. Frankfurter, Some Reflections On The Reading of Statutes, 47 Col.L.R. 527.