**UNITED STATES of America, Plaintiff,**

v.

**Jack Edward FLEMING and Lawrence Charles Hinton, Defendants.**

**No. 75–147 Cr. (3).**

United States District Court, E. D. Missouri, E. D.

July 22, 1975.

Jerome J. Niedermeier, Crim. Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, D.C., Frederick R. Buckles, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

C. John Pleban, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the motion of defendants to dismiss the indictment. As grounds for the motion, defendants assert that the indictment is vague, ambiguous, uncertain and indefinite, and fails to comply with the requirements of Rule 7 of the Federal Rules of Criminal Procedure.

The indictment in the instant case alleges as follows:

On or about July 2, 1974, in St. Louis, Missouri, in the Eastern District of Missouri, Jack Edward Fleming and Lawrence Charles Hinton, who were then officers of the St. Louis, Missouri, Police Department, while acting under color of the laws of the State of Missouri, did willfully strike, beat and assault Robert Steven Rueter, an inhabitant of the State of Missouri, and did, thereby, willfully deprive Robert Steven Rueter of the right secured and protected by the Constitution and laws of the United States not to be deprived of liberty without due process of law.

In violation of Section 242, of Title 18, United States Code.

For an indictment to be upheld under Rule 7 it must be sufficiently definite, certain and unambiguous so as to permit the accused to prepare a defense. The sufficiency of the indictment will be determined on the basis of practicality rather than technical considera-

tions, and common sense will be used as a guide rather than arbitrary and artificial rules. Wright & Miller, Federal Practice and Procedure: Criminal § 125. It is also established that any potential defenses need not be negated. *Evans v. United States,* 153 U.S. 584, 14 S.Ct. 934, 38 L.Ed. 830 (1894).

 The elements of the crimes which may be prosecuted for a violation of 18 U.S.C., § 242 and its statutory predecessors, have long been established. *Scews v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944). The elements of an offense under § 242 are (1) that the action taken was under color of state law, (2) willfully to deprive rights protected by the Constitution and the laws of the United States, (3) from an inhabitant of any state of the United States. *United States v. Jackson,* 235 F.2d 925 (8th Cir., 1956); accord *United States v. Senak,* 477 F.2d 304 (7th Cir., 1973).

The Court's problem in the instant case is the sufficiency of the indictment taken as a whole. While the essential elements of the crime appear to be present in the indictment, the language of the indictment appears to the Court to be so conclusory that it would be difficult for the defendants to prepare an adequate defense.

An examination of the language used in other challenged indictments for violation of § 242 shows far more detailed factual allegations of the necessary elements of the crime. *Catlette v. United States,* 132 F.2d 902 (4th Cir., 1943); *Lynch v. United States,* 189 F.2d 476 (5th Cir., 1951); *United States v. Jones,* 207 F.2d 785 (5th Cir., 1953); *United States v. Walker,* 216 F.2d 683 (5th Cir., 1954), cert. den. 348 U.S. 959, 75 S.Ct. 450, 99 L.Ed. 748 (1955); and *United States v. Jackson,* supra.

The procedures for indictments under the Federal Rules of Criminal Procedure were inacted to avoid a return to the problems and pitfalls of common law pleading, and this Court has no desire to return to that system. However, in the instant case, the Court is of the opinion that the language of the indictment is so vague and conclusory that it should fail for vagueness. For the indictment to be valid, the United States should have alleged enough factual material to make the indictment "a plain, concise and definite written statement of the essential facts constituting the offense charged." Since the government has failed to do so, this Court must in the interest of justice dismiss the indictment. In consequence,

It is hereby ordered that the defendants' motion to dismiss the indictment be and is granted; and

It is further ordered that the indictment be and is dismissed.