## UNITED STATES *v.* CARTER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF NORTH CAROLINA.

No. 722. Motion to dismiss submitted December 1, 1913.—Decided
December 15, 1913.

Under the Criminal Appeals Act of March 2, 1907, this court has
no power to revise the mere interpretation of an indictment by
the court below, but is confined to ascertaining whether that
court erroneously construed the statute on which the indictment
rested.

In this case the writ of error is dismissed as the ruling of the court
below that the counts which were quashed were bad in law did not
reasonably involve a construction of the statute but may well have
rested on the opinion of the court as to insufficiency of the indict-
ment.

THE facts, which involve the jurisdiction of this court
of appeals under the Criminal Appeals Act of March 2,
1907, are stated in the opinion.

*Mr. Francis B. Carter* and *Mr. W. A. Blount* for de-
fendant in error in support of the motion.

*The Solicitor General* for the United States in opposi-
tion to the motion.

Memorandum opinion by MR. CHIEF JUSTICE WHITE,
by direction of the court.

At the threshold we must consider a motion to dis-
miss. The case is a criminal one over which we have
only the jurisdiction conferred by the Criminal Appeals
Act, March 2, 1907, 34 Stat. 1246, c. 2564. There
were two indictments containing, the one 54 and the

other 26 counts, purporting to charge alleged offenses against the National Banking Laws as embodied in Rev. Stat., § 5209. On demurrer the court quashed 43 of the counts because they were "bad in law." It is settled that under the Criminal Appeals Act we have no authority to revise the mere interpretation of an indictment and are confined to ascertaining whether the court in a case under review erroneously construed the statute: *United States* v. *Keitel,* 211 U. S. 370; *United States* v. *Stevenson,* 215 U. S. 190, 196. Our power to review the action of the court then in this case can alone rest upon the theory that what was done amounts to a construction of the statute. But it is obvious that the ruling that the counts which were quashed were bad in law did not necessarily involve a construction of the statute, and may well have rested upon the opinion of the court as to the mere insufficiency of the indictment.

It is, however, insisted on behalf of the United States that by referring to the counts which were held good and comparing them with those which were quashed, by a process of exclusion and inclusion, it will be possible to ascertain that the action of the court was based upon a construction of the statute, and we are asked to review the case upon this theory. At best, this proposition amounts to the contention that in every case where there is doubt as to whether the court construed the statute or interpreted the indictment such doubt should be solved by an examination of the entire record. But the right to a review in a criminal case, being controlled by the general law, it follows that a case cannot be brought within the control of the special rule provided by the Criminal Appeals Act unless it clearly appears that the exceptional and not the general rule applies. Aside from this consideration, we cannot give our approval to the suggestion made by the Government since in effect it virtually calls upon us to analyze and construe the in-

dictment as a prerequisite basis for the exertion of the limited power to review the action of the court in interpreting the statute. Indeed, to follow the suggestion would be to frustrate the purposes which manifestly the jurisdictional act was enacted to accomplish; because the intent to expedite in criminal cases the decision of questions involving statutory construction which was plainly one of the ends for which the law was intended would be of little avail if the right to review be extended by implication so as to embrace cases not within the purview of the statute, thereby multiplying appeals and delaying the speedy decision of such cases. Besides, we think in consequence of the ambiguity of the ruling a case like this is not within the scope of the fundamental evil intended to be guarded against by the reviewing statute, that is, to afford a direct and immediate remedy to correct an erroneous construction of a statute before final judgment and thus to prevent the harm which otherwise might result by the application of the construction to other cases, if the power to review could only be exerted after final judgment.

To suggest that if the mere form in which a ruling is clothed be made the test of the power to review, it will result that the exertion of the authority may be rendered unavailing in every case is without foundation. It is not to be assumed that trial courts will not seek rightfully to discharge their duty. But, even if it were possible to indulge in such an assumption, to do so would disregard the power which exists as an incident to the exercise of appellate jurisdiction to compel, in a case which requires it, such action as will prevent a destruction of or render practically unavailing the reviewing power. There can be, however, no ground in this case for indulging the forebodings which we have just answered, because there is nothing in the record showing any request made to the trial court for an expression of opinion in such form as to manifest clearly whether its action proceeded upon a

construction of the statute or merely upon the meaning which was given to the indictment. In saying this we are not unmindful of the fact that it is stated in the brief for the United States that when a bill of exceptions was after the trial presented to the court for settlement, a request was made and refused for a more specific statement of the reasons which led to the quashing of the counts of the indictment. But, obviously, the refusal to grant a request made at the time and under the circumstances stated affords no reason for an exertion of a power to review which we do not possess.

*Dismissed for want of jurisdiction.*