UNITED STATES *v.* STORRS ET AL.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH.

No. 95.   Argued November 24, 1926.—Decided December 13, 1926.

A plea to abate an indictment because of the presence of a court stenographer at the grand jury investigation and of improper participation in the proceedings by the district attorney, does not cease to be a plea in abatement and become a plea in bar, within the

meaning of the Criminal Appeals Act, from the circumstance that by the time when it was sustained the statute of limitations had intervened to prevent further prosecution.   P. 654.   .

Writ of error dismissed.

ERROR to a judgment of the District Court sustaining a plea and abating an indictment.

*Assistant to the Attorney General Donovan,* with whom *Solicitor General Mitchell* and *Mr. William D. Whitney,* Special Assistant to the Attorney General, were on the brief, for the United States.

*Mr. Albert R. Barnes,* with whom *Messrs. Mahlon E. Wilson* and *Dan B. Shields* were on the brief, for the defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The defendants in error were indicted for conspiracy to violate and violation of § 215 of the Penal Code, punishing use of the mails for the purpose of executing a scheme to defraud.   They pleaded in abatement that when the grand jurors were investigating the charge the official court stenographer was present and took down the evidence; that the district attorney was also present and undertook to give a summary of the evidence to the grand jurors, and that he advised them that any indictment, if found, must be against all the defendants named. On these grounds it was prayed that the indictment be abated and that the defendants should not be required to answer the same.   The District Court overruled a demurrer, sustained the plea on the evidence and entered judgment that the indictment be abated.   It is certified in the record that when the judgment was entered the statute of limitations had run and that therefore the United States will be barred from further prosecution of the defendants.   The United States brings this writ of

error on the ground that in these circumstances the plea was in substance a 'special plea in bar' within the meaning of the Criminal Appeals Act of March 2, 1907; c. 2564; 34 Stat. 1246.

It is true that there is less strictness now in dealing with a plea in abatement than there was a hundred years ago. The question is less what it is called than what it is. But while the quality of an act depends upon its circumstances, the quality of the plea depends upon its contents. As was said at the argument, it cannot be that a plea filed a week earlier is what it purports to be, and in its character is, but a week later becomes a plea in bar because of the extrinsic circumstance that the statute of limitations has run. The plea looks only to abating the indictment not to barring the action. It has no greater effect in any circumstances. If another indictment cannot be brought, that is not because of the judgment on the plea, but is an independent result of a fact having no relation to the plea and working equally whether there was a previous indictment or not. The statute uses technical words, ' a special plea in bar,' and we see no reason for not taking them in their technical sense. This plea is not a plea in bar and the statute does not cover the case.

The Government bases its argument upon *United States* v. *Thompson,* 251 U. S. 407. In that case an indictment was quashed by the trial Court upon motion on the ground that the same counts had been submitted to a previous grand jury and no presentment had been made, and that they could not be submitted to a second grand jury without leave of Court, which had not been obtained. It so happened that a further prosecution upon these counts would be barred by the statute of limitations, although other counts had been presented in the first case upon which a trial still might be had. This Court held that the motion to quash amounted to a plea

ih bar since the facts alleged barred any later proceeding by the United States, according to the law laid down by the trial Court, except upon a condition that was held by this Court to be improperly imposed.    Perhaps the decision went to the extreme point, but it was put on the contents of the plea seen in the light of the law applied, not on the fact that the statute of limitations had run.    It was said that the United States had the right to present and the grand jury had the right to entertain the charges without leave of court and that the necessary effect of this judgment "was to bar the absolute right of the United States to prosecute by subjecting the exercise of that right, not only as to this indictment but as to all subsequent ones for the same offenses, to a limitation resulting from the exercise of the judicial power upon which the judgment was based."    251 U. S. 912.    It was added that the same was true as to the authority of the district attorney and the powers of the grand jury "since the exercise in both cases of lawful authority was barred by the application of unauthorized judicial discretion."    We are of opinion that this decision interposes no obstacle to what seems to us the natural interpretation of the law.

*Writ of error dismissed.*