## KIMBREL v. TERRITORY OF HAWAII.

### No. 5974.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930.

Joseph Edward Connolly, of San Francisco, Cal., and H. E. Stafford, of Honolulu, Hawaii, for appellant.

James F. Gilliland, City and County Atty., and William T. O'Reilly, First Deputy City and County Atty., both of Honolulu, Hawaii, for Territory of Hawaii.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

The appellant was convicted of the crime of keeping a house for the purpose of prostitution, and the case was taken to the Supreme Court of the Territory of Hawaii by bill of exceptions. The exceptions were overruled, and an appeal was then prosecuted to this court.

The appellee contends that, inasmuch as the case was taken to the Supreme Court of the Territory by bill of exceptions, the judgment of that court is not final, and that the appeal should be dismissed. But we deem it unnecessary to consider that question, because, in our opinion, the appeal must in any event be dismissed on another ground.

Under section 128 of the Judicial Code, as amended (28 USCA § 225), the jurisdiction of this court to review judgments of the Supreme Court of the Territory of Hawaii, in cases civil or criminal, is limited to cases wherein the Constitution or a statute or treaty of the United States, or any authority exercised thereunder, is involved. And, unless the appeal in this case involves a substantial federal question, it should be dismissed. Fukunaga v. Territory of Hawaii (C. C. A.) 33 F.(2d) 396. The single question presented by the record is this:

Section 4451 of the Revised Laws of Hawaii 1925, provides that any person who keeps or maintains a house used or resorted to for the purpose of prostitution shall be guilty of an offense, and the complaint or information charged that the appellant kept a certain house for the purpose of prostitution. It will thus be observed that the complaint or information charged that the appellant kept a house for the purpose of prostitution, whereas the language of the statute is "used or resorted to for the purpose of prostitution." In construing this pleading, the Supreme Court of the Territory said:

"A charge or statement that the defendant kept the Plaza Hotel for the purpose of prostitution is a charge that she kept the Plaza Hotel as a place used or resorted to for the purposes of prostitution. Without persons, men for example, resorting to the house it is impossible to conduct it as a place of prostitution. One statement necessarily involves the other."

This conclusion would seem unanswerable; but, whether so or not, manifestly the question whether the charge contained in the complaint or information is sufficient under

the statute is a question of general law, and does not involve either the Constitution or laws of the United States. United States v. Stevenson, 215 U. S. 190, 30 S. Ct. 35, 54 L. Ed. 153; United States v. Patten, 226 U. S. 525, 33 S. Ct. 141, 57 L. Ed. 333, 44 L. R. A. (N. S.) 325; United States v. Winslow, 227 U. S. 202, 33 S. Ct. 253, 57 L. Ed. 481; United States v. Carter, 231 U. S. 492, 34 S. Ct. 173, 58 L. Ed. 330.

The appeal is therefore dismissed.