**BIEMER v. UNITED STATES.**

**EMRICK v. SAME.**

Nos. 4550, 4585.

Circuit Court of Appeals, Seventh Circuit.

Jan. 11, 1932.

Frederick W. Greene, of Fort Wayne, Ind., for appellant Biemer.

Frank A. Emrick, of Fort Wayne, Ind., for appellant Guy Emrick.

Oliver M. Loomis, George L. Rulison, and William B. Duff, all of South Bend, Ind., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant Biemer, in cause No. 4550, and appellant Emrick, in cause No. 4585, were, along with twenty-seven others, charged by indictment with conspiring to violate the National Prohibition Act. Upon the trial, the jury returned a verdict of guilty against both of them, and each was given a penitentiary sentence. Each prosecuted a separate appeal, but both appeals were heard at the same time and will be disposed of in a single opinion.

*Biemer's Appeal.*—Appellant's assigned errors are the adverse rulings on two pleas in abatement, the motion for a new trial, the motion to strike the judgment on second plea in abatement, and the motion for directed verdict. The last-named assignment is grounded upon the alleged lack of evidence to support the conviction: First, because the evidence did not show there was a single conspiracy formed among the defendants named; and, second, because the evidence did not establish appellant's guilty participation in any conspiracy to violate this act.

*Pleas in Abatement.*—Appellant first challenged the sufficiency of the evidence presented to the grand jury to support the indictment. His motion to quash the indictment, however, was denied. He then filed a plea alleging that the indictment returned against him was voted without any competent evidence tending to prove his guilty participation in the conspiracy charged. The government demurred to this plea, and the demurrer was sustained. Appellant then filed a second plea in abatement, wherein it was stated that the assistant district attorney had, in substance, told the grand jurors in the jury room that Biemer was a bad man, had already been indicted, and was the biggest bootlegger in Fort Wayne. Evidence was received bearing upon this second plea in abatement, and there was a conflict in the testimony. The evidence amply sustained the court's finding that the alleged misconduct of the district attorney was not established. Moreover, this court cannot reverse because of erroneous rulings made on pleas in abatement such as are here involved. 28 US CA § 879; Luxenberg v. U. S. (C. C. A.) 45 F.(2d) 497.

1046

■ *Sufficiency of the Proof.*—A careful examination of the evidence leads to the conclusion that a jury question was presented respecting Biemer's guilt. Three government witnesses gave testimony, which, if believed, established not only the existence of a conspiracy, but also appellant's guilty participation therein. These witnesses were not of a character which would inspire the greatest confidence in them, but they are corroborated in some details by appellant and his witnesses. True, the corroboration is on matters which in themselves do not establish guilt. They deal with meetings, the passing of money, the sale of liquor, and other facts, which make the statement of the government witness, Mary Lowe, that she obtained contact, through appellant, with one who was offering protection against prosecution for violation of the National Prohibition Act, (27 USCA) for a money consideration, rather plausible. The testimony, while conflicting, was such that a trier of fact, attempting to ascertain the truth and seeing and hearing the witnesses as they testified, could best determine where the truth lay. That is the reason appellate courts cannot review conflicting evidence to ascertain whether a jury reached a correct verdict.

Other assignments of error, we have considered, but they do not warrant a separate discussion.

*Emrick's Appeal.*—Appellant's only assigned error which necessitates consideration is the one which challenges the sufficiency of the evidence to sustain the charge set forth in the indictment. The attack is twofold: (a) A failure to show Emrick's guilty participation in the offense charged; and (b) the evidence showed at most a series of isolated, disconnected violations of the National Prohibition Act rather than a conspiracy, such as was set forth in the indictment, to violate the act.

■ Respecting the alleged want of proof to connect appellant with the violations of the National Prohibition Act (27 USCA), with evidence of which violations the record is replete, it is sufficient to say that he occupied an official position, that of sheriff, and several witnesses testified to paying him protection money, to his protection of stills, and to other criminal misconduct—which evidence made the question of his guilt one for the jury.

Appellant's second contention likewise necessitates a study of the facts. When is the proof, which shows many individual violations of the National Prohibition Act, such as to necessitate its submission to the jury under a conspiracy count? Two instructive decisions are Schouweiler v. United States (C. C. A.) 27 F.(2d) 515; Terry v. United States (C. C. A.) 7 F.(2d) 28.

■ While proof of the commission of substantive offenses is not in and of itself sufficient to establish a conspiracy, yet the evidence may show, as it does in this case, additional facts which persuasively point to an unlawful enterprise, the carrying out of which involved a knowing participation and cooperation of several of the accused, including both appellants. As was stated in Allen v. U. S., (C. C. A.) 4 F.(2d) 688, 691: "If the parties acted together to accomplish something unlawful, a conspiracy is shown, even though individual conspirators may have done acts in furtherance of the common unlawful design apart from and unknown to the others. All of the conspirators need not be acquainted with each other. They may not have previously associated together. One defendant may know but one other member of the conspiracy. But if, knowing that others have combined to violate the law, a party knowingly cooperates to further the object of the conspiracy, he becomes a party thereto."

■ The evidence justified a jury in finding that the facts, and inferences arising therefrom, showed the existence of an unlawful enterprise, the success of which was made possible only by the cooperation of corrupt officials, the manufacturers of illicit liquor, the distributors of such liquor, and individuals who play the role of "fixer." Such a conspiracy is not defeated by the fact that in its execution numerous individual offenses were committed by the individual members thereof. If the testimony of the government witnesses be believed, the unlawful undertaking called for the participation of a somewhat numerous body of actors playing different roles. Their parts varied. Their compensation differed. In some respects, the profits came from different sources. The role of sheriff was a conspicuous and profitable one. In a sense, he, more than any one, save only perhaps the "fixer," transformed what was a series of violations of the National Prohibition Act into a conspiracy to violate the act. These two parties were the cementing, the coacting factors, who joined independent operators into a group of coworkers (coconspirators) to promote a common enterprise; namely, the manufacture, sale, and transportation of liquor for profit, and also the avoidance of detection by the government. It is true, the proof did not show a written agree-

ment nor a meeting where each agreed to enter the combination. Such was not necessary. But facts were presented from which the jury could have found that there existed a conspiracy joined in by many, including both appellants, the object of which was to manufacture, transport, and sell intoxicating liquor and from the profits of which the various participants were paid in different ways and in different amounts.

Each of the judgments appealed from is affirmed.