**UNITED STATES of America,
Appellant,**

v.

**David Ransom HEATH, Appellee.**

**No. 15576.**

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1958.

Louis B. Blissard, U. S. Atty., Edgar D. Crumpacker, Sanford J. Langa, Asst. U. S. Attys., Honolulu, Hawaii, for appellant.

Robertson, Castle & Anthony, Honolulu, Hawaii, for appellee.

Before STEPHENS, Chief Judge, and ORR and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This case arises over the dismissal of an indictment. The right of defend-

ant to have the government produce for inspection and copying before trial documents which the trial judge found necessary for the defense of defendant and which the Internal Revenue agents had received from him with his consent has been here contested. The power of the District Court to order production of such documents to the end that defendant have a fair trial has been challenged. Finally, the key question is whether the government is by statute accorded an appeal from dismissal of indictment for inability of the prosecution to comply with the condition precedent of production and then proceed to trial.

An order was entered by the United States District Court for the District of Hawaii, dismissing an indictment charging defendant David Ransom Heath with willful attempt to evade and defeat payment of income tax due from him and his wife. This order was the ultimate result of a very complicated procedural situation, which must be unraveled before the jurisdiction to entertain the appeal can be discussed.

Primarily, after indictment had been returned, Heath moved for an order under Rule 16, Federal Rules of Criminal Procedure, 18 U.S.C.A., requiring that the prosecution produce for inspection certain records pertaining to the charge "obtained by the agents of the Internal Revenue Service * * * and which have not been returned to the defendant." After a lengthy hearing at which witnesses for both the prosecution and the defense testified, the court made findings that defendant in 1952 turned over to Internal Revenue agents all his books and records and they took what they wanted while investigating his civil and criminal liability for the years in question, but gave no receipt therefor, that the records of defendant for part of the period covered by indictment were corrected in his handwriting and initialed by him, that such a book or record did exist and was sometime in possession of these agents and is now lost. The trial court concluded that the document was material and necessary for the de-

fense, that "defendant would be unable to prove the existence of errors in the books without a production of his records, which evidence could have a direct bearing upon the question of his intent."

Defendant was given a positive right to inspect any such document by the literal language of the Rule:

> "Upon motion of a defendant * * * after the filing of the indictment * * * the court may order the attorney for the government to permit the defendant to inspect * * * documents * * * obtained from or belonging to the defendant * * * upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. * * *" Rule 16, Federal Rules of Criminal Procedure.

The trial court concluded defendant could not go to trial and present his defense without inspection of the records sought. The court also came to the conclusion "that the document or book has been lost and cannot now be produced."

When the government indicated the document of which inspection was sought was at least not presently available, the trial court had several choices. The cause could have been continued temporarily. A trial date could have been set in the future, in order to give the government time to reorganize its case. The order might have been that the prosecution would be abated until the record be produced.

But the trial court chose another course. It was directed that a motion to dismiss be filed by counsel for defendant. A written motion to dismiss was accordingly filed without stating any grounds therefor. The trial court thereupon entered judgment dismissing the indictment.

It has often been said that a federal judge is not a mere automaton steering a course or deflected therefrom by mechanical or electronic devices. His office is judicial and requires the exercise

of discretion in extremely delicate situations. In criminal proceedings, his primary function is the protection of society from lawbreakers and criminals. But what the interests of society are is itself a complex question of human relations. The whole system of protection of rights of the individual has been built up primarily by the judges of the common law. This process goes on today. These relations are, of course, never static, and judicially devised protection has been widely expanded in our time.

■ Rule 16, Federal Rules of Criminal Procedure, is an innovation.[1] Before the adoption thereof by the United States Supreme Court, discovery by defendant even of the exact contention of the government was confined to the severely limited motion for bill of particulars.[2] Unquestionably, for protection of society, restriction on disclosure must still be relatively ironclad before trial. Otherwise, at times there can be no effective prosecution. The boundaries of disclosure before trial and the remedies for failure to produce should be left to

the absolute discretion of the trial judge,[3] unless defendant is convicted, in which case review thereof may be had.

If the question were before this Court, which it is not, we should have no difficulty in sustaining the trial judge in the findings and in requiring the government to produce the documents as a condition precedent to trial, since these were, without question, vital to the defense. Far otherwise would be the situation after defendant were on trial. That is a diametrically different situation for both prosecution and defense, as above noted.

■ There any unfairness to a defendant should be eliminated by the trial judge.[4] To prevent possible prejudice on trial beyond the general atmosphere of impartiality which traditionally pervades the courtroom, trial judges have wide discretion to methods of control. Among these are direction of mistrial, order to the jury to return verdict of acquittal and grant of new trial.[5] By an order requiring production before trial, the judge saved the government

1. See Bowman Dairy Co. v. United States, 341 U.S. 214, 219, 71 S.Ct. 675, 95 L.Ed. 879.

2. Rule 7(f) of the Federal Rules of Criminal Procedure now expressly provides for a motion for a bill of particulars. On appeal after conviction, reversal for denial of such a motion is granted only for abuse of discretion. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; Schino v. United States, 9 Cir., 209 F.2d 67, 69, certiorari denied 347 U.S. 937, 74 S.Ct. 627, 98 L. Ed. 1087.

3. " * * * the authority of the [district] court to consider and decide the application for the return of the books and papers existed wholly irrespective of of whether there was a constitutional right to exact the return of the books and papers. That is to say, it was within the power of the court to take jurisdiction of the subject of the return [of the papers], and pass upon it, as the result of its inherent authority to consider and decide questions arising before it concerning an alleged unreasonable exertion of authority in connection with the execution of the process of the court." Wise v. Henkel, 220 U.S. 556, 558, 31

S.Ct. 599, 600, 55 L.Ed. 581; Go-Bart Importing Co. v. United States, 282 U.S. 344, 355, 51 S.Ct. 153, 75 L.Ed. 374. See, also, Centrachio v. Garrity, 1 Cir., 198 F.2d 382, 385–386; United States v. Maresca, D.C., 266 F. 713, 717.

4. See Gordon v. United States, 344 U.S. 414, 419, 73 S.Ct. 369, 97 L.Ed. 447.

5. "Courts of justice are invested with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury * * *." Thompson v. United States, 155 U.S. 271, 274, 15 S.Ct. 73, 74, 39 L.Ed. 146. Although the discharge of a jury by a federal judge is absolute as regards the government in a criminal prosecution, on appeal by the defendant "the recognized rule is that discharging a jury before verdict is a matter within the sound discretion of the trial court." United States v. Potash, 2 Cir., 118 F.2d 54, 56, certiorari denied 313 U.S. 584, 61 S.Ct. 1103, 85 L.Ed. 1540. See Wade v. Hunter, 336 U.S. 684, 689–690, 69 S.Ct. 834, 93 L.Ed. 974.

and defendant the necessity of going to trial when it was a foregone conclusion that one of these motions would have been granted after the evidence was submitted.

If the trial court had not during the course of trial corrected this patent unfairness to defendant, as it inherently had the power to do upon conviction, appeal for defendant would have lain.

On the other hand from none of these enumerated orders, made after empanelment of the jury, could the prosecution have review.

It was anciently the policy of the common law, which was continued in our law until recent times, that the government have no appeal from any adverse ruling or order, albeit the prosecution was thereby terminated. Generally speaking, even today no right of appeal by the prosecutor lies from any ruling adverse to the government.[6] This rule was rigidly adhered to from the foundation of the United States of America until the year 1907, when an appeal was allowed to the United States Supreme Court from a ruling sustaining a demurrer to an indictment based upon the invalidity or construction of the statute upon which the indictment was founded.[7] By this statutory exception, such an appeal has been allowed. By another exceptional enactment, other attacks upon the substance of an indictment, such as failure to state facts sufficient to show that a crime has been committed, are reviewable by the Courts of Appeals if these result in dismissal of the indictment.[8]

This enactment must be strictly construed, and generally has been so construed, in the light of the historical development. We are therefore constrained, in consideration of an order before trial and after indictment, to allow appeal only if it be expressly accorded by the statute strictly construed.[9] It is usually held that the review of these orders must be granted or denied, based upon a consideration, not of what the motion is termed by the pleader or denominated by the trial court, but upon the actual substance and real effect thereof.

Under the language of the appeals statute and Rule 12(b), Federal Rules of Criminal Procedure, an appeal is given to the government to the United States Supreme Court where the motion to dismiss, filed after indictment and before trial, really performs the function of a special plea in bar [10] and to a Court of Appeals where a plea in abatement to the indictment would have formerly been the appropriate remedy.[11] It may well

6. "In the federal jurisprudence * * * appeals by the Government in criminal cases are something unusual, exceptional, not favored." Carroll v. United States, 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442.

7. Criminal Appeals Act of March 2, 1907, 34 Stat. 1246, 18 U.S.C.A. § 682 (1927 ed.).

8. 18 U.S.C.A. § 3731 now provides in part: "An appeal may be taken by * * the United States * * * to a court of appeals * * * from a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section."

9. "* * * existence of appellate jurisdiction in a specific federal court over a given type of case is dependent upon authority expressly conferred by statute."

Carroll v. United States, 354 U.S. 394, 399, 77 S.Ct. 1332, 1336, 1 L.Ed. 1442.
"The exceptional right of appeal given to the Government by the Criminal Appeals Act is strictly limited to the instances specified." United States v. Borden Company, 308 U.S. 188, 192, 60 S.Ct. 182, 185, 84 L.Ed. 181.

10. "An appeal may be taken by * * * the United States * * * direct to the Supreme Court * * * in all criminal cases in the following instances: * * * from the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy." 18 U.S.C.A. § 3731.

11. The Criminal Appeals Act was amended in 1942 to permit appeal to the courts of appeals from judgments sustaining pleas "in abatement to any indictment * * * except where a direct appeal to the Supreme Court" was provided. Act of May 9, 1942, 56 Stat. 271, 18 U.S.

be that no order sustaining a motion to dismiss founded upon any ground other than those which historically were included in previous enactments can be appealed by the prosecution.[12] Many courts apparently so hold.[13] The logic of the situation and the legislative policy requires that no appellate jurisdiction can be based upon the fact that such a dismissal is a "final decision" as regards the government. A judgment on a directed verdict of acquittal is such a "final decision." Such judgment has never been reviewable.

Since every method of terminating criminal action against the prosecution before trial may be accomplished by filing a motion to dismiss,[14] a court is compelled to analyze the situation in the particular case to determine whether appeal lies from such an order. Review of the facts show here that the dismissal was based upon the finding that the government could never obey an order to produce the document. This is a circumstance outside the indictment and which did not affect the merits of the charge. The government could not therefore accord to defendant the right expressly given him by rule.

The agents first took the position that there could have been no such documents, because no receipt was given for them when these were claimed to have

been turned over. But it was shown that no receipt had been given for other documents admittedly given to the agents upon the occasion when the particular documents were claimed to have been turned over. The denial of the existence of such books or documents persisted throughout the proceeding, and is urged upon this Court upon appeal.

But the trial court found there were such records which had been delivered to the agents of the government and at one time were in possession of these agents. The evidence will not be reviewed, but, notwithstanding some conflict therein, we are convinced the trial court could have made no other finding correctly.

The next question is what remedy might the court apply, in its discretion, where the government did not produce documents which had been voluntarily turned over to the agents who were then attempting to build up a case of criminal liability against him and which is material and necessary to his defense. The government attorneys urge that the trial court determined an essential part of the general issue. However, that notion is a crotchet.

It is plain the general issue is not involved in the situation before us. The general issue is joined upon the question whether Heath willfully attempted

C.A. § 682. See H.R. No. 45, 77th Cong., 1st Sess., pp. 1–3 (1941). Subsequent to the adoption of Rule 12 of the Federal Rules of Criminal Procedure, the Criminal Appeals Act was amended to conform. Act of June 25, 1948, 62 Stat. 844, amended 63 Stat. 97. See Reviser's Note, 18 U.S.C.A. § 3731, p. 448. However, no substantive changes were effected by the amendment. See United States v. Pack, 3 Cir., 247 F.2d 168, 171.

12. "Since the jurisdictional statutes prevailing at any given time are so much a product of the whole history of both growth and limitation of federal-court jurisdiction since the First Judiciary Act, 1 Stat. 73, they have always been interpreted in the light of that history and of the axiom that clear statutory mandate must exist to found jurisdiction." Carroll v. United States, 354 U.S. 394, 399, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442.

13. United States v. Nardolillo, 1 Cir., 252 F.2d 755; United States v. Pack, 3 Cir., 247 F.2d 168; United States v. Janitz, 3 Cir., 161 F.2d 19 (before 1948 amendment of Criminal Appeals Statute). The apparently conflicting views may be reconciled by reference to United States v. Orta, 5 Cir., 253 F.2d 312, where the District Court ordered testimony of defendant in a perjury indictment suppressed and the indictment dismissed. The Court of Appeals took jurisdiction of the appeal of the government and reversed. The dismissal was in substance based upon a supposed defect in the indictment, which the Court of Appeals held was a part of the general issue.

14. Rule 12(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. Cf. Rule 54(c), Federal Rules of Criminal Procedure, 18 U.S.C.A.

to defeat the payment of income tax due to the United States from himself and his wife in certain years. The government asserts he did. He denies generally. The issue is made. But the controversy here relates not to his guilt or innocence of the charge. It centers around the question whether he can, under the circumstances found by the trial court, have a fair and impartial trial, which is his basic right and his due in a federal court and which is his heritage from the common law. The trial court indicated that the rights of defendant under the Fifth Amendment would be violated if he were required to go to trial without this evidence. But there is no necessity to reach the verge of a constitutional question.

It would seem the action in this case could be grounded upon impossibility of fair trial without this evidence and, specifically, on the failure of the government to produce the documents as required by the Rule.

■ The cynical suggestion in the brief of the government attorneys, "that the manner in which the disability [such as loss or destruction of records vital to the defense] befalls the defendant, whether at the hands of the agents of the United States or otherwise, is immaterial," should call for castigation, but we assume it springs from misplaced zeal. In any event, the argument must be and is emphatically rejected. It has been wisely said that the agents of the government should not act an ignoble part. No more ignoble action could be imagined than for them to obtain these documents from the defendant voluntarily, give no receipt to prove

their existence and their possession, suffer the records to be destroyed and then claim the right to prosecute when, by their action, his defense is impaired, if not destroyed. But it is urged the action of the trial court leaves the room open for connivance and fraud. It may well be. However, that is no ground for failure to accord the accused rights expressly given by statute or rule. Although the possibility of deception may exist, the public must trust that the trial judges will not be misled.

But the specific question before us is the right of the government to appeal. Analysis of the background of the motion discloses that there are three conceivable remedies in the situation. The motion actually filed might have been, under appropriate factual situation, a substitute for a special plea in bar. On the other hand, the motion may have served the purpose of a plea in abatement. Finally, it may be that the action of the court can only be construed as a dismissal of the indictment for failure to prosecute by performance of the condition precedent of production of the document required by the court.

■■ It would be the duty of this Court to certify the matter to the Supreme Court of the United States if this were an appeal taken from a decision or judgment sustaining a motion in bar.[15] But a motion in bar destroys the right of action and bars prosecution.[16] There was no suggestion here that, if the documents in question were produced for inspection, the prosecution could not proceed. The old books say a plea in bar is confined to specific bases,[17] none of which appears here. On the

15. "If an appeal shall be taken pursuant to this section to any court of appeals, which, in the opinion of such court, should have been taken directly to the Supreme Court * * * such court shall certify the case to the Supreme Court * * *." 18 U.S.C.A. § 3731. See United States v. Zisblatt, 2 Cir., 172 F.2d 740; United States v. Hoffman, 82 U.S.App.D.C. 153, 161 F.2d 881.

16. United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 88 L.Ed. 290; United

States v. Thompson, 251 U.S. 407, 412, 40 S.Ct. 289, 64 L.Ed. 333; United States v. Barber, 219 U.S. 72, 78, 31 S.Ct. 209, 55 L.Ed. 99.

17. "Special pleas in bar * * * without entering into the facts of the offence, show that the defendant ought not at all be called upon to answer the indictment. The principal of these are a previous acquittal, conviction, attainder, and pardon * * *." 1 Chitty, Criminal Law, 451, 452–470 (4th American Ed., 1841);

other hand, if the action of the trial court constituted the sustaining of a plea in abatement to the indictment, appeal would lie to this Court, as already noted.[18]

At common law, a plea in abatement was confined to proof of matters "dehors" the indictment, as it is quaintly said.[19] It was a factual plea upon which an issue was based. A trial could have been had thereon and a jury empaneled to decide the issue. Here the situation was so far in accord with the formal doctrine. A question of fact out-

side the allegations of the indictment was tried by the court by consent of the parties. The court found there was a document, which had been received by government agents from defendant, and it was now lost.

Then the paths part. Misnomer or misdescription of the title of defendant was the only basis for the plea of abatement anciently.[20] And in felony cases the action was not dismissed, but abated until a new indictment was found with the true name and title of defendant, which he was bound to plead.[21]

IV Blackstone, Commentaries, 335–338 (4th Cooley Ed., 1899, pp. 1481–1484); 5 Longsdorf, Cyclopedia of Federal Procedure, §§ 2152–2157 (1929); 2 Bishop, New Criminal Procedure, §§ 742, 805 (2d Ed., 1913).

18. The 1942 Amendment of the Criminal Appeals Act (56 Stat. 271, 18 U.S.C.A. § 682), permitting appeal by the government from judgments "sustaining a demurrer or plea in abatement to any indictment," was intended to be applicable "in cases involving the sufficiency of the allegations in the indictments * * in the same manner in which the government [then] * * * may appeal from decisions on demurrers to indictments direct to the Supreme Court in those cases involving the invalidity of a statute or the construction of a statute." H.R.Rep. No. 45, 77th Cong., 1st Sess. 3 (1941). The amendment also permitted the Supreme Court to remand appropriate cases to Court of Appeals. For the prior and subsequent practice, compare United States v. Carter, 231 U.S. 492, 34 S.Ct. 173, 58 L.Ed. 330; United States v. Halsey, Stuart & Co., 296 U.S. 451, 56 S.Ct. 299, 80 L.Ed. 323; United States v. Wayne Pump Co., 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184; with United States v. Swift & Co., 318 U.S. 442, 63 S.Ct. 684, 87 L.Ed. 889; United States v. Jones, 345 U.S. 377, 73 S.Ct. 759, 97 L.Ed. 1086.

19. "Pleas in abatement are founded either in some defect apparent on the face of the indictment, without reference to any extrinsic fact, or are founded upon some matter of fact, extrinsic of the record, which renders the indictment insufficient." 1 Chitty, Criminal Law, 445 (4th American Ed., 1841).

" * * * pleas in abatement are founded upon allegations of fact dehors the record." United States v. Goldman, D.C., 28 F.2d 424, 426; United States v. Lehigh Valley Railroad Co., D.C., 43 F.2d 135, 137.

20. "If the indictment does not describe the defendant by any addition of place or degree, it is defective on the face of it, and the defendant may plead in abatement. So if the defendant be misnamed, or his addition of degree be mis-stated, which is an extrinsic objection not apparent on the face of the indictment, the defendant may plead this also in abatement." 1 Chitty, Criminal Law, 445 (4th American Ed., 1841).
   "A plea in abatement is principally for a misnomer, a wrong name, or a false addition to the prisoner." IV Blackstone, Commentaries, 334 (4th Cooley Ed., 1899, p. 1480).
   See United States v. Howard, D.C. D.Or., 26 Fed.Cas. page 386, No. 15402; United States ex rel. Mouquin v. Hecht, 2 Cir., 22 F.2d 264, 265.

21. "When a plea in abatement is found in favor of the defendant, the judgment in case of a misdemeanor, is, that he be not compelled to answer the indictment, but depart the court without day. But, on an accusation for a capital crime, after the indictment has been abated for misnomer, the court will not dismiss the prisoner, but cause him to be indicted de novo, by the name disclosed in his plea * * *." 1 Chitty, Criminal Law, 450 (4th American Ed., 1841). Likewise, a plea in abatement attacking the validity of an indictment on other grounds "looks only to abating the indictment not to barring the action." United States v. Storrs, 272 U.S. 652, 654, 47 S.Ct. 221, 71 L.Ed. 460.

Here the instant motion did not attack the indictment and presented no challenge to the validity thereof. It does not even fall within the classification of pleas which raise the sufficiency of the qualifications of a grand juror or a grand jury which found the indictment. Our courts have held a plea of abatement is a proper instrument to present such questions as to the validity of an indictment.[22]

This is a logical extension of the common law doctrine, because the indictment itself is affected. There are other situations where the decisions have treated matter thus raised as ground for abatement.[23] If another indictment could be found or the trial could have proceeded otherwise, it has sometimes been indicated the motion to dismiss might have been held to be a plea in abatement.[24]

The distinction between the cases which have just been referred to, the instant case, and those where a motion to suppress evidence is granted or denied is striking.[25] Likewise, cases where the government has documents or other evidence which it refuses to produce on trial or otherwise must be distinguished.[26] The present ruling does not affect such situations, and we hold this opinion does not necessarily have bearing thereon.

If it should be considered this is a proper appeal from a judgment granting a motion in abatement, we would affirm. But the trial court entered a final judgment dismissing the action. No proceedings under the indictment will avail under such circumstances.

▮ The trial court was attempting to give the prosecution an appeal from the order dismissing the indictment. The judge makes this plain by an express declaration of purpose. This Court is not bound thereby.[27] It is our re-

---

22. Crowley v. United States, 194 U.S. 461, 24 S.Ct. 731, 48 L.Ed. 1075.

23. For examples of pleas in abatement, see the following cases, which arose under the earlier appeals statute and circumstances dissimilar from the case at bar: Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; United States v. Storrs, 272 U.S. 652, 47 S.Ct. 221, 71 L.Ed. 460; Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; United States v. Benjamin, 2 Cir., 120 F.2d 521; Walker v. United States, 8 Cir., 93 F.2d 383, certiorari denied 303 U.S. 644, 58 S.Ct. 642, 82 L.Ed. 1103; Biemer v. United States, 7 Cir., 54 F.2d 1045, certiorari denied 286 U.S. 566, 52 S.Ct. 647, 76 L.Ed. 1298; Mounday v. United States, 8 Cir., 225 F. 965, certiorari denied 239 U.S. 645, 36 S.Ct. 167, 60 L.Ed. 484. Cf. Olmstead v. United States, 9 Cir., 19 F.2d 842, 844–846, 53 A.L.R. 1472, affirmed 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944.

24. See United States v. Brodson, 7 Cir., 234 F.2d 97.

25. Order to suppress evidence pursuant to motions made subsequent to indictment are not appealable under the general authority of 28 U.S.C.A. § 1291. Carroll v. United States, 354 U.S. 394, 77 S.Ct.

1332, 1 L.Ed.2d 1442; United States v. Rosenwasser, 9 Cir., 145 F.2d 1015. And it has been held that the added factor of dismissal of the indictment, because of the suppression order, does not result in appealability. United States v. Janitz, 3 Cir., 161 F.2d 19; United States v. Pack, 3 Cir., 247 F.2d 168. But see United States v. Ponder, 4 Cir., 238 F.2d 825, and United States v. Ashby, 5 Cir., 245 F.2d 684, where appellate jurisdiction was accepted under 18 U.S.C.A. § 3731, in order to reverse. However, the general rule may not be held applicable should the dismissal of indictment after grant of motion to suppress be viewed as a plea in abatement. Cf. United States v. Sugden, 9 Cir., 226 F.2d 281, affirmed per curiam 351 U.S. 916, 76 S.Ct. 709, 100 L.Ed. 1449.

26. An order directing that papers held by the prosecution be produced for inspection by the defendants is not appealable. United States v. Bondy, 2 Cir., 171 F.2d 642. A subsequent refusal to produce and a dismissal of the indictment does not result in appealability under 18 U.S.C.A. § 3731. United States v. Nardolillo, 1 Cir., 252 F.2d 755.

27. Compare United States v. Pack, 3 Cir., 247 F.2d 168, 169–170, and United States v. Janitz, 3 Cir., 161 F.2d 19, 21, where the indictment was also dismissed by the

sponsibility still to consider the nature and effect of the order.

Analysis demonstrates that the trial court had no intention of merely abating the proceedings. If a plea in abatement had been sustained, it would leave the way open for further proceedings at some future time. But such proceedings would have been under the present indictment or a new indictment. Therefore, the present indictment would serve the purpose. There is no defect shown therein. A new indictment, if allowed after abatement, would be a copy word for word of the present indictment. It is clear the trial court did not abate the proceedings. Instead, the indictment was dismissed. The case was closed by the order, and no further proceedings were possible. The trial court clearly indicated that the indictment would not have been thus dismissed except that the documents were "lost" and an order to produce would have been senseless fulmination. The government admittedly could not comply with such an order, had it issued.[28]

The basis for the dismissal of the indictment is then crystal clear. It was the inability of the prosecution to proceed to trial. Delay in bringing defendant to trial would have been the only consequence of an order of abatement or continuance. The trial court could never, under the findings which we accept as conclusive, have set the cause for trial until the prosecution complied with the condition precedent of production.

The dismissal was, under the circumstances, within the inherent power of the District Court. It is established principle that all the authority of courts to do justice is not encompassed either by rules or by statutes. Nor is the power of a court to prevent injustice circumscribed by their language. This dismissal might, however, find justification in the express language, "if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment." Rule 48(b), Federal Rules of Criminal Procedure.[29] Thus, for purposes of this case, although intermediary steps were omitted, the dismissal can be treated as one under Rule 48(b). The Criminal Appeals Act does not provide for an appeal from such a dismissal.[30] Neither does this enactment provide an appeal from dismissal by the trial court to prevent injustice.

Based upon the analysis of the facts, the entry of a final judgment and the language of the statutes, we hold the instant dismissal is not based upon a motion in bar or a motion in abatement. It is analogous to a motion made pursuant to Rule 48(b), based upon a failure to prosecute. It is equivalent to a judgment founded upon a directed verdict of acquittal.

No appeal by the government lies.

The appeal is dismissed.

---

trial court for the purpose of effectuating appellate review.

28. In ruling upon the motion to dismiss the indictment in the instant case, the trial court observed that "the government concedes that if it had [the records in question] * * * and refused to produce them, the indictment could be dismissed."

29. "This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution." Notes on Advisory Committee on Rules, Federal Rules of Criminal Procedure, 18 U.S.C.A. p. 538.

30. See United States v. Pack, 3 Cir., 247 F.2d 168, where the dismissal of the indictment was for want of prosecution after prior suppression orders had handicapped the case of the prosecution. Appellate jurisdiction was denied.