**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Thomas Kellogg HUDSON,
Defendant-Appellee.**

**No. 76–1085.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 19, 1976.

Decided Dec. 3, 1976.

Vern R. Corporon, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellant.

Leonard E. Davies, of Davies & Saint-Veltri, Denver, Colo., for defendant-appellee.

Before LEWIS, Chief Judge, and McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The government here seeks reversal of a judgment which dismissed an indictment in which the charge was use of false and fraudulent pretenses and representations to obtain money, contrary to the section of the 18 United States Code, Section 1343, prohibiting use of fraud to obtain money. The specific prohibition is against transmission by wire, radio, or television communication in interstate commerce, etc., executing a fraudulent scheme. The government's contention is that the court lacked authority to order the dismissal, and the question for decision is, therefore, whether the court can validly dismiss an indictment on its own motion based primarily on the defendant's poor physical health. We hold that the court cannot do so.

All of this came about as a result of filing on behalf of the defendant-appellee a motion for *continuance* stating that he was unable to go to trial because of having had a heart attack. An evidentiary hearing was then held and following receipt of considerable evidence concerning defendant-appellee's condition, the court instead of granting a continuance as requested ordered a dismissal.

Three physicians gave opinions. One of these was called by the appellee; another was a government witness; the third testified on behalf of the court.

Defendant-appellee's physician had attended him since 1958 and also when he suffered a heart attack in 1974. He described the hospital treatment as having been relatively uneventful. Appellee was discharged from the hospital on December 30 after about two weeks of treatment. Following this, he had experienced angina chest pains, but was thought to be progressing satisfactorily. He was told to reduce

his daily activity so as to avoid fatigue. At the time of the hearing defendant-appellee was taking light exercise and engaging in limited activity. Nitroglycerin pills were taken for the pain. In the doctor's opinion, a trial would have been very detrimental.

The physician called by the court said that the emotional stress of a trial would be sufficiently detrimental to appellee so that he should not go to trial.

The physician called by the United States Attorney testified that appellee was afflicted with arteriosclerosis and coronary involvement as well; he had had a heart attack and was, in addition, experiencing congestive heart failure. While he said that it was possible that a trial could be fatal, he also testified that he did not see it as much more of a stress than things he would be doing on a day to day basis.

### I.

The trial court wrote a memorandum opinion describing the testimony, pointing out that two of the doctors testified that appellee was unable to stand trial. Notwithstanding that appellee had merely sought a continuance, the court concluded that there was no need to carry the case on the docket by continuing it. The judge was convinced obviously that there would be no improvement in appellee's condition in the foreseeable future. The court's conclusion was that:

> Due to the status of his health condition, defendant is not able to undergo trial on the charges against him * * *

Accordingly, the indictment returned against defendant is dismissed and the bond discharged. It is so ordered.

### II.

The rule which defines the power of the government on the one hand and the court on the other to dismiss an indictment is Rule 48 of the Federal Rules of Criminal Procedure. Part (a) of this Rule deals with dismissal by an attorney for the government. In substance it provides that the Attorney General or the United States At-torney may by leave of court file a dismissal of an indictment, information or complaint, and prosecution shall thereupon terminate. An additional provision of part (a) states that such a dismissal may not be filed during the trial without the consent of the defendant.

It is part (b) that applies to our present problem. This subsection provides that if there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint. Apparently this subsection refers to unreasonable or unnecessary delays on the part of the government. Hence, these provisions do not apply here. The government had not caused any delay and the action of the court did not purport to proceed on any such basis.

The question is then whether the trial court has an inherent power to dismiss an indictment on grounds other than those set forth in part (b) of Rule 48.

Professor Moore in 8B J. Moore, Federal Practice, pp. 48–11, et seq., states that Rule 48(b) is a codification of the trial court's inherent power to dismiss for want of prosecution. The author further says that Rule 48(b) implements the right of an accused to a speedy trial under the Sixth Amendment and is concerned with delay attributable to the prosecution. The author also states that the court can dismiss for failure to prosecute under this subsection. The discussion does not mention inherent power to dismiss on a basis such as that which we have here.

The most recent decision dealing with the question of possible inherent power of a district court to dismiss a criminal prosecution is that of *United States v. De Diego*, 167 U.S.App.D.C. 252, 511 F.2d 818 (1975). This was a divided court in which the majority held that: "[a] trial judge has no discretion to end prosecution unless there are legal grounds for the exercise of discretion." *Id.* at 824. It found that the fact that a portion of the government's evidence

was tainted did not constitute legal grounds for dismissal by the trial court, citing with approval the Confiscation Cases, 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1869), for the proposition that discretion to prosecute remains with the prosecution. The decision of the district court which had dismissed the indictment was reversed.[1]

Appellee places primary reliance on *United States v. Heath*, 260 F.2d 623 (9th Cir. 1958), in support of his contention that there exists an inherent power in the district court to dismiss in the interest of justice. In *Heath* the trial court dismissed an indictment for income tax evasion. The defendant had moved under Rule 16, Fed.R. Crim.Proc., for production of records and books which had been obtained from him by the I.R.S. The government had apparently lost these documents. The trial court said in support of the dismissal that the documents would be necessary for the defendant's defense. This decision was affirmed by the Ninth Circuit. That court said that the dismissal was, in view of the circumstances, within the inherent power of the court, but the court also stated that the dismissal was justified under Rule 48(b) for unnecessary delay. In view of the Rule 48(b) basis, the *Heath* decision is not to be read as upholding an inherent power to dismiss.

Appellee relies in addition on *Ex Parte United States*, 101 F.2d 870 (7th Cir.), aff'd mem. sub nom. *United States v. Stone*, 308 U.S. 519, 60 S.Ct. 177, 84 L.Ed. 441 (1939), and *Gori v. United States*, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961). The court in *Ex Parte United States* dismissed indictments and set aside jury verdicts following a *trial*. The court of appeals upheld that action on the ground that it was like directing a verdict of acquittal. It said that the trial court retained inherent power to take these actions as part of its legal function of determining the sufficiency of evidence.

*Gori* is not unlike *Ex Parte United States* in that it involved the granting of a mistrial on the court's own motion without the consent of the defendant. The Supreme Court (through Justice Frankfurter) approved the trial court's exercise of discretion to declare a mistrial when justice requires it.

Neither *Ex Parte United States* nor *Gori* support the appellee's position. A termination of a trial by setting aside verdicts and dismissing indictments is plainly different from pretrial dismissal of an indictment on the court's own motion. So also is the granting of a mistrial which involves proceedings which are easily distinguishable from the proceedings in the case at bar.

### III.

■ The reason why a trial court should not have an unlimited inherent authority to dismiss an indictment on its own motion lies in the need for having the United States Attorney participate so as to minimize the possibility that the court might be misled. It is true that the court in our case held an evidentiary hearing, but no exception exists on this account. The U.S. Attorney has access to the facts and his participation in the decision to dismiss insures that the system of checks and balances between the courts and the Department of Justice shall be allowed to operate.

■ The case at bar can always be dismissed if the appellee's condition worsens, but there is no necessity for closing the door to prosecution if the appellee shows improvement. Meanwhile, the U.S. Attorney should take the initiative in staying abreast of the facts and in keeping the court advised.[2]

For the above reasons and in the light of the authorities, we conclude that the trial court acted beyond its authority in dismissing the present indictment. Illness of the accused does not afford a legal basis justifying dismissal of the indictment by the court on its own motion.

---

1. The dissenting opinion by Judge McGowan stated that the trial court has an inherent power to dismiss a criminal prosecution in the interest of justice. 511 F.2d at 833 & n. 6.

2. Under Rule 48(a) the United States Attorney does not possess an uncontrolled discretion to dismiss indictments.

The judgment of the district court is reversed with directions that the indictment be reinstated.