FILED
United States Court of Appeals
Tenth Circuit

August 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellant,

v.

DARRIN WALKER;
ANGELA JOHNSON, a/k/a Primitiva
Johnson,

        Defendants - Appellees.

No. 13-3250
(D. Kansas)
(D.C. No. 6:13-CR-10068-MLB-1 and
6:13-CR-10068-MLB-2)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

The district court sua sponte dismissed a federal indictment against Mr.

Darrin Walker and Ms. Angela Johnson, reasoning that the case belonged in state

court. The government appeals, arguing that the district court abused its

discretion. We agree.

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The decision to file federal charges lies within the exclusive province of the executive branch. If the executive branch decides to charge a federal crime, the judicial branch incurs a responsibility to determine the sufficiency of the charge. But here, the district court exercised powers that it didn't have, invading the province of the executive branch by dismissing the indictment based on disagreement with the charging decision. This action constituted an abuse of discretion, requiring us to reverse the dismissal and reinstate the indictment.

## I.     The District Court's Sua Sponte Dismissal

This appeal grew out of a search of trash cans near the residence of Mr. Walker and Ms. Johnson. Inside the trash cans, police found bags containing white residue. This finding led to issuance of a search warrant, the discovery of drugs and a gun, and the filing of drug and gun charges.

In defending against these charges, Mr. Walker and Ms. Johnson moved to suppress the drugs and gun. During the hearing on this motion, the district court stated without warning:

> I'm going to dismiss this case without prejudice. This is a case that should be, if it's going to be handled at all, should be handled in state court, not in federal court. This is not a federal case. It's a state case. It's a state officer, or offices. It's a state warrant. It's a state judge. And this business of being -- of elevating it to a federal case in this particular case is unwarranted. Now, I don't know. You can take it back to state court and see what the state judges will do with their own problems. It's without prejudice, so if something gets resolved and you want to refile it here, then I'll reconsider it; but at

2

this point in time, I just don't think this case needs to be here --
shouldn't be here. So that's the ruling of the court.
*Id.* at 72.

The prosecutor did not object, and the district court later issued a one-sentence order dismissing the case without prejudice "for the reasons stated in open court." *Id.* at 63.

## II.   Standard of Review

When the government timely objects to dismissal of an indictment, we generally review under the abuse-of-discretion standard. *United States v. Bergman*, 746 F.3d 1128, 1132 (10th Cir. 2014). But when the government fails to timely object, we ordinarily apply the plain-error standard. *See United States v. Hasan*, 526 F.3d 653, 660-61 (10th Cir. 2008).

The government acknowledges that it failed to contemporaneously object to the district court's dismissal. But when a district court sua sponte resolves an issue of law on the merits, the appellant may challenge that ruling regardless of the failure to contemporaneously object. *See United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003). Our review under these circumstances follows the standard applicable when the appellant timely objects: abuse of discretion.

## III.   Invading the Province of the Executive Branch

3

The government argues that the district court lacked authority to sua sponte dismiss a legally sufficient indictment. Mr. Walker and Ms. Johnson defend the dismissal, but do not question the legal sufficiency of the indictment. Instead, Mr. Walker and Ms. Johnson rely on the district court's broad supervisory power. This power does not permit dismissal of an indictment based on disagreement with the prosecutor's decision on which charges to bring. Accordingly, the district court abused its discretion by dismissing the indictment.

## A.    Prosecutorial Discretion

Federal prosecutors "are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting U.S. Const. Art. II, § 3). In this capacity, prosecutors enjoy broad discretion in deciding on the charges. "Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors." *United States v. LaBonte*, 520 U.S. 751, 762 (1997).

Our decision in *United States v. Curtis*, 344 F.3d 1057, 1064 (10th Cir. 2003), provides guidance. There, the defendant claimed that prosecutors should have charged a violation of state law rather than federal law. We rejected this claim as "plainly without merit," noting that "[i]t is settled law that as long as a prosecutor's charging decision is not based on an impermissible factor such as

4

race . . . a prosecutor may exercise broad discretion with respect to his charging decisions." *Id.* at 1064; *see also United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.").

Under *Curtis*, prosecutors have discretion in deciding whether to file state or federal charges. This decision was not for the district court to make.

**B.     The District Court's Supervisory Power**

Mr. Walker and Ms. Johnson rely on the district court's supervisory power. This reliance is misguided.

Generally, a district court cannot use its supervisory power to dismiss a legally valid indictment. *See United States v. Hudson*, 545 F.2d 724, 726 (10th Cir. 1976) (holding that a district court lacks the "inherent power" to dismiss an indictment based on the defendant's poor health). But as Mr. Walker and Ms. Johnson point out, a district court may use its supervisory authority to dismiss an indictment when prosecutorial misconduct influenced the grand jury's decision and caused prejudice to the defendant. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988); *United States v. Hillman*, 642 F.3d 929, 933-34 (10th Cir. 2011).

5

These circumstances are not present: The district court dismissed the indictment solely because it believed the case belonged in state court. This choice was for the prosecutor, not the court.[1]

In support, Mr. Walker relies on a Ninth Circuit case, *United States v. Gonsalves (Gonsalves I)*, 691 F.2d 1310 (9th Cir. 1982). *See* Walker Br. at 12-13. But that case is neither controlling nor applicable. In *Gonsalves I*, the Ninth Circuit Court of Appeals upheld the district court's dismissal of a "cumbersome indictment." 691 F.2d at 1322. But this decision was vacated by the Supreme Court. *See United States v. Gonsalves*, 464 U.S. 806 (1983) (vacating decision and remanding for consideration in light of *United States v. Hasting*, 461 U.S. 499, 509 (1983)). On remand, the Ninth Circuit reversed the dismissal, recognizing that the "scope of a federal court's supervisory powers [is limited] to very specific areas, not including the unmanageability or complexity of an indictment." *United States v. Gonsalves (Gonsalves II)*, 781 F.2d 1319, 1320 (1986).

---

[1]    At the suppression hearing, the district court commented on the state court's procedure preceding issuance of the search warrant. *See* Aplt.'s App. at 72 (stating: "You can take it back to state court and see what the state judges will do with their own problems"). But the district court did not rule on the validity of the warrant or the legality of the resulting search; instead, the court based its dismissal on the prosecutor's decision to bring federal charges rather than state charges.

The Ninth Circuit case also bears critical differences with our case.  In *Gonsalves I*, the Ninth Circuit affirmed the district court's dismissal of the indictment because it found the case was an "unmanageable monstrosity" and would "gravely impair the basic function of the District Court."  *Gonsalves I*, 691 F.2d at 1320.  Here, the district court dismissed the indictment based on disagreement over the decision to charge federal crimes rather than state crimes.

Under our precedents, a district court cannot invoke its supervisory power to dismiss an indictment based on disagreement with the prosecutor's decision to file federal charges.  In ordering dismissal on this ground, the district court abused its discretion.

## C.    Reassignment on Remand

The government requests that we reassign the case to another district judge on remand.  Aplt.'s Br. at 6, 16.  We deny this request because the government fails to explain why reassignment would be appropriate.

Reassignment of a case involves an "extraordinary" step.  *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 744 (10th Cir. 2005).  We can take this step only in limited circumstances:  (1) when there is evidence of actual bias or prejudice against a party, or (2) on the basis of a three-part approach:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment

7

is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."

*Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (quoting *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986)).

The government does not allege personal bias or any facts suggesting a need for reassignment based on the three-part test. In light of this failure and the "extraordinary nature of such an order," we decline to reassign the case to a different judge on remand. *See Procter & Gamble Co.*, 427 F.3d at 744.

## IV. Disposition

We reverse the dismissal, order the district court to reinstate the indictment, and remand for further proceedings.

Entered for the Court

Robert E. Bacharach
Circuit Judge

8